In the matter of Jim Spradlend, on *Habeas Corpus*.

*Criminal Practice—Trial—Habeas Corpus.*—The application to be discharged, by a prisoner held under an indictment for a criminal offence, because he has not been tried in accordance with R. C. 1865, ch. 213, §§ 27–28, must be made to the court in which the indictment is pending. No person can be discharged from an imprisonment under the *habeas corpus* act, who is imprisoned on an indictment, or by virtue of process to enforce such indictment—R. C. 1865, ch. 155, § 38.

Holmes, Judge, delivered the opinion of the court.

The petitioner asks to be discharged from the custody of

the jailor of the county of St. Louis, on the ground that, being imprisoned to answer an indictment in the Circuit Court of Iron county on a charge of murder, he has not been brought to trial before the end of the second term after the November term of said court in 1864, and within the time prescribed by law, and that such delay was not upon his application. The return of the jailor shows that the prisoner is held in his custody and was received into his custody from the sheriff of Iron county, upon the order of the Circuit Court of said county, for safe keeping, pending further proceedings in said court in a cause wherein the State of Missouri is plaintiff and the said Jim Spradlend is defendant, upon a charge of murder.

The statute provides in what cases a prisoner may be discharged, on grounds of this nature, by the court under whose process he is held in custody—R. C. 1865, ch. 213, §§ 27–8. One of the provisos is that such delay be not occasioned by the want of time to try the cause at the second or the third term after that at which it was triable after indictment found. This cause of delay is not negatived in the petition. The records of that court are not before us, and we have no means of ascertaining whether he is entitled to be discharged or not. The application should be made to the Iron county Circuit Court. Moreover, no person can be discharged under the *habeas corpus* act who is imprisoned on an indictment, or by virtue of process or commitment to enforce such indictment—R. C. 1865, ch. 155, § 38.

The prisoner is remanded to the custody of the jailor.

The other judges concur.