*In the matter of the Petition of* WILLIAM T. EDWARDS *for a writ of Habeas Corpus.*

1. HABEAS CORPUS—*Discharge of Prisoner, Not by Supreme Court.* Where a prisoner is held to answer for a criminal offense, and the district court refuses to grant his application for discharge, made by him under the terms of § 221 of the criminal code, and instead thereof remands him to jail until bail is given, the order of the court cannot be reviewed or reversed, or the prisoner discharged, by a proceeding in *habeas corpus* before the supreme court.

2. DISCHARGE OF DEFENDANT—*No Error in Denying Motion.* Where an information was filed against E. for the offense of murder, one day prior to the commencement of the regular term of the district court for 1885, and at such May term of the court, against the objection of the state and the defendant, the court attempted to remove the case for trial to another county, in another judicial district, upon the ground that the judge was disqualified to preside, on account of his prejudice, and such defendant was held to answer on bail to the district court of such other county, and thereafter the September and November terms of the district court where the information was filed were held, without the defendant being tried, and in December the jury were discharged, in his absence, but while his attorneys were present, who refused to appear or answer in any way for him, and the defendant did not at any one of the terms of said court ask or announce himself ready for trial, but made application on the last day of the November term of the court for his discharge, because he had not been brought to trial within the time limited in § 221 of the criminal code, *held*, that the court committed no error in denying the motion, as the state announced itself ready to proceed at once with the trial, and the court decided that there was not time, during the remainder of the term of court, for the trial of the case upon its merits.

### Original Proceedings in Habeas Corpus.

PETITION for a writ of *habeas corpus*, filed in this court on February 9, 1886, on behalf of *William T. Edwards,* who is charged with murder in the first degree in killing one John Wilson, on December 6, 1884. The petition, among other things, shows that on January 2, 1886, the petitioner made a written application to the district court of Sumner county, verified by his oath, to be discharged from custody, and therein

alleged, among other things, that the information charging
him with the offense of murder in the first degree was filed
in the district court of that county on May 4, 1885, one day
prior to the commencement of the regular May Term for 1885
of that court; that said May Term was finally adjourned on
August 17, 1885, without the petitioner having been brought
to trial, and without his having made application for or having
consented to a continuance of the action; that the next regular
term of that court commenced on September 1, 1885, and was
finally adjourned on October 3, 1885, without the petitioner
having been brought to trial, and without his having applied
for or consented to a continuance; that the next and third
regular term of that court, after the filing of the information,
commenced on November 3, 1885, and continued for the
transaction of business up to and inclusive of December 12,
1885, when the court was adjourned to January 2, 1886, (the reg-
ular December Term of the district court of Comanche county
having intervened, the same commencing on December 15,
1885, and ending during the same month,) without the peti-
tioner having been brought to trial, and without his having
applied for or consented to any continuance. Said application
further alleged that from and after the commencement of the
regular November Term of the district court of Sumner county
for 1885, up to and including the date of its adjournment on
December 12, 1885, the court had ample time to have fully
tried said cause, and that the court actually had ample time to
have done so between November 3, 1885, and December 12,
1885, as shown by the journal and records thereof.

Upon the hearing of the application for discharge, the court
made the following findings of fact:

"That the state of Kansas, by its said attorneys, has on
this day, and since the filing and presentation of said appli-
cation of said defendant for the consideration thereof by the
court here, announced itself ready to proceed with the trial of
said cause upon its merits; but the court further finds that
there is not now time, during the period allowed by law, for
the trial of said cause upon its merits at the present term,

owing to the fact that this is the last day of the week, commonly called Saturday, and that on the next ensuing Tuesday, to wit, the 5th day of January, 1886, the district court of Harper county, in the same (the 19th) judicial district, in the state of Kansas, is required by law to convene in regular term; and further, that the regular panel of the jury for this term of this court were each and all, on the 12th day of December, 1885, excused and discharged, (but without the consent or objection of said defendant, he not being present, either in person or by attorney, but then being on bail to appear before the district court of Cowley county, Kansas, on the first day of the regular December, 1885, term thereof, to answer the charge contained in and by the information filed in this action against him, which had prior thereto, and over and against the protest and objections of said defendant, been erroneously by this court, of its own motion, attempted to be transferred to said last-named court for trial,) from further attendance upon this court for this term; and owing to the further fact that no witnesses have been subpenaed on behalf of the state to appear and testify at this term in this cause. And the court further finds that on the 12th day of December, 1885, at the present term of this court, the state of Kansas, by its attorney, John A. Murray, county attorney of said Sumner county, filed its motion to have the order of this court changing, or attempting to change, the venue for the trial of this action to the district court of Cowley county, in the 13th judicial district in the state of Kansas, vacated and set aside, to the end that said cause might be remanded to this court for trial, in accordance with the law of the land; and that pending the hearing of said motion, the defendant not being personally present in court, the attorneys who had theretofore appeared for said defendant, and who now appear for him in this court, Messrs. Herrick, George & King, and McDonald & Parker, each and all being personally present, were, each and all, specifically interrogated touching the matter, by the court, and said attorneys, each and all, answered that they did not, nor either or any of them, then appear in this court for or on behalf of said defendant for any purpose whatsoever."

Thereon, the court found that the petitioner was not legally entitled to be discharged as by him demanded. The court further ordered the case to be continued for trial at the next regular term of court, and that the petitioner be required to

enter into bail in the sum of $7,000 for his appearance at said term of the district court to answer the charge alleged against him. Thereupon, the petitioner objected and excepted. On March 3, 1886, the sheriff of Sumner county made return to the writ of *habeas corpus* issued, that he restrained the petitioner of his liberty and retained him in custody by virtue of a warrant issued out of the district court of Sumner county upon the information filed in that court on May 4, 1885, charging the petitioner with murder in the first degree.

*George, King & Caldwell,* and *McDonald & Parker,* for petitioner.

*S. B. Bradford,* attorney general, and *John A. Murray,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The petitioner claims that he is entitled to his discharge under the provisions of § 221 of the criminal code, which reads:

"If any person, under indictment or information for any offense, and held to answer on bail, shall not be brought to trial before the end of the third term of the court in which the cause is pending, which shall be held after such indictment found or information filed, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happened on his application, or be occasioned by the want of time to try such cause at such third term."

We do not think the proceeding by *habeas corpus* the proper remedy in this case. The petitioner alleges that the district court refused his application to be discharged under the provisions of § 221 of the criminal code, and remanded him to custody until he should give bail, and continued the cause for trial. The order of the district court, until reversed, is valid, and sufficient authority for the retention of the petitioner in custody. We cannot, in a proceeding of this character, review or reverse an order or judgment of the district court, having juris-

1. Habeas corpus; prisoner, not discharged by supreme court.

diction, when such order is neither void, nor in excess of its authority. (Civil Code, § 671; *Ex parte McGehan*, 22 Ohio St. 442.) The statutes construed in the cases of *Brooks v. People*, 88 Ill. 327, and *In re Garvey*, 4 Pac. Rep. 758, do not provide for any discharge of the offense, but operate merely to set the prisoner at liberty. In this state, the statute provides for the absolute discharge of the prisoner from the offense, and therefore Illinois and Colorado decisions are not applicable.

In the case of *In re Dill*, 32 Kas. 668, the petitioner was guilty of no offense, and the judgment rendered against him was void. In that case, he was released from imprisonment upon that ground. But waiving the irregularity of this proceeding, we think the ruling of the district court was correct. The information was filed against the petitioner one day prior to the commencement of the May term of the district court of Sumner county for 1885. At the May term, against the objection of the state and the petitioner, the court attempted to remove the case for trial to Cowley county, in another judicial district, upon the ground that the judge was disqualified to preside at the trial on account of his prejudice. This order was vacated upon the motion of the county attorney of Sumner county, on December 12, 1885. The regular terms of the district court of Sumner county for 1885 were held as follows: The first Tuesdays of May, September, and November. On account of the intervention of the district court of Comanche county, the November term of the district court of Sumner county was adjourned from December 12, 1885, to January 2, 1886, at which time the application for the discharge of this petitioner was presented. After the presentation of such application, the state announced itself ready to proceed at once with the trial. The court, however, in its findings of fact, states that there was not time during the period allowed by law for the holding of the November term of court, for the trial of the case upon its merits. The state was not responsible for the discharge of the jury, or the adjournment of the court on Decem-

2. Discharge of defendant, no error in denying.

ber 12, 1885, and we must assume that when it announced itself ready for trial on January 2d, whether any witnesses had been subpenaed, or not, in behalf of the state, it was capable of producing them if allowed so to do. The statute expressly provides that if the delay to bring a prisoner to trial be occasioned by the want of time to try his cause, the court is not bound to discharge him. (See also § 222, Crim. Code.) In several states, as above referred to, statutes similar to ours operate merely to set the prisoner at liberty; but our statute provides, in effect, an acquittal, if the defendant is not brought to trial within the time therein prescribed. Therefore there is good reason for holding that a prisoner ought not to be entitled to his discharge unless he brings himself within the spirit of the statute. The section quoted was designed to shield the innocent from oppression, but not to enable the guilty to escape. (*Steward v. State*, 13 Ark. 720.) In *Clark v. Commonwealth*, 29 Pa. St. 129, it was decided, concerning a similar statute, that "it was made to restrain the malice and oppression of prosecutors, and to relieve wrongful imprisonment; not to embarrass the administration of criminal law; not to relieve righteous imprisonment and to defeat public justice." In *Steward v. State*, supra, the court construed a similar statute to mean that the prisoner was entitled to his discharge only where the delay of the state in bringing him to trial was for want of evidence; and that within the spirit of the law, the prisoner, to be entitled to his discharge for want of prosecution, must place himself on the record in the attitude of demanding a trial, or at least of resisting postponement.

On December 12, 1885, when the jury were discharged, the petitioner was not present, being on bail to appear before the district court of Cowley county, but his attorneys were all in the court, and when specifically interrogated concerning the case by the court, refused to appear or answer in any way for their client. During the several terms of the district court of Sumner county, held since the filing of the information, the petitioner has not announced himself ready for trial at any of

the terms thereof. He has not seemed anxious for any hearing of the case against him upon its merits, but has only desired a discharge, without any trial.

The petitioner will be remanded.

All the Justices concurring.