*In the matter of the petition of* JAMES McMICKEN *for a Writ of Habeas Corpus.*

1. DELAY IN TRIAL — *Defendant Entitled to Discharge, When.* Where a person under indictment or information for crime, and committed to prison, is not brought to trial before the end of the second term of the court having jurisdiction of the offense which is held after such indictment or information is filed, he is entitled to be discharged, so far as relates to the offense for which he is committed, if the delay does not happen upon his application, and is not occasioned by the want of time to try the case at such second term; *provided* it further appears that the delay is not caused to enable the state to procure material evidence for a trial at the succeeding term. (Crim. Code, §§ 220–222.)

2. HABEAS CORPUS — *Discharge, When.* A person who is imprisoned on an indictment or information may be discharged from imprisonment, under *habeas corpus*, if he has applied to the district court for his discharge because he has not been tried in accordance with § 220 of the criminal code, and it clearly appears by the record that the court erroneously denied his application, and refused his discharge.

3. CASE, *Modified.* *In re Edwards, Petitioner*, 35 Kas. 99, modified and corrected.

*Original Proceeding in Habeas Corpus.*

THE opinion states the case.

*F. Danford*, and *J. R. Burton*, for petitioner.

*J. G. Mohler*, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The petitioner was informed against in Trego county, on May 3, 1887, for the crime of murder in the first degree in killing E. T. Robbins, in the county of Wallace, an unorganized· municipal township, attached to Trego county for judicial purposes. At the May term of the court for 1887, the trial of the case was continued, upon application of the petitioner, until the next term of the court. At the September term of the court ·for 1887 the cause was continued to the next term, "because, within the knowledge of the court, a question was pending and undetermined as to its· jurisdiction to try the case." At the January term of the court for 1888, the case was again continued for trial until the next term, to await a decision of the question of the jurisdiction of the court to try the case. At the continuances in September, 1887, and January, 1888, the petitioner was in confinement in the jail of Saline county, but was represented by his attorney, F. Danford, Esq., who neither objected nor consented when the orders of continuances were made. On March 31, 1888, at an adjournment of the January term of 1888, a motion was filed by the attorneys of the petitioner, Messrs. Burton & Danford, for his discharge, upon the ground that ever since the filing of the information against him he had been confined in jail, and more than three terms of court had been held in Trego county without his being brought to trial, and no delay had happened upon his application, or been occasioned by the want of time to try the case. This motion was heard and overruled by the court.

The petitioner claims now that he is entitled to be discharged under the provisions of § 220 of the criminal code, which reads:

"If any person, under indictment or information for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after such indictment found or information filed, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner,

or shall be occasioned by the want of time to try the cause at such second term."

Section 10, of the bill of rights in the constitution of the state, declares that in all prosecutions the accused shall be allowed a speedy public trial. The statute is intended practically to carry out that right by prescribing a definite and uniform rule for the government of courts in their practice.

1. Delay in trial; defendant entitled to discharge.

There can be no question that the petitioner was entitled to his discharge upon his motion, as the record clearly shows that the delay had not happened upon his application, or been occasioned by the want of time to try the case. It further clearly appears from the record that the discharge was not refused to obtain material evidence for a trial at the succeeding term. (Crim. Code, § 222.)

2. Refusal to discharge, error.

As the petitioner was not brought to trial within the time limited by the statute, without any fault or hindrance on his part, and without any reasonable or legal excuse therefor, the district court erred in not setting him at liberty.

The only serious question in the case is whether *habeas corpus* is the proper remedy. In *In re Edwards*, 35 Kas. 99, this court held that a petitioner in a case similar to this could not be discharged in a proceeding in *habeas corpus*. This upon the ground that no person can be discharged from an imprisonment by *habeas corpus*, who is imprisoned on an indictment or information, or by virtue of process to enforce such indictment or information, where the warrant or commitment is issued from the district court, or any other court of competent jurisdiction. (Civil Code, § 671.) And it was further held in that case that the remedy of the party whose discharge has been improperly denied by the district court is by appeal. The writer of this opinion holds to that view, and thinks that the petitioner has mistaken his remedy.

In addition to the authorities cited in *In re Edwards*, supra, see *In re Spradlend*, 38 Mo. 547, where it is decided that *habeas corpus* does not lie in such cases as this. The majority of the court, however, are of the opinion that the writ prayed

for is the proper remedy for the petitioner, and that the de-

3. Case, modi-
fied.
cision in *In re Edwards* should be modified and corrected accordingly. In that case, the petitioner did not bring himself within the spirit of the statute, and was not entitled to his discharge, whether the proceeding by *habeas corpus* was proper or not. The majority of the court reach the conclusion that if the petitioner was entitled to his discharge in the district court, he ought to be released in his proceeding by *habeas corpus*, as that proceeding is the only one which affords him a speedy remedy. If his only remedy is by appeal, he must continue wrongfully restrained of his liberty until the case is finally determined by the district court, as an appeal can be taken by a defendant only after judgment. (*Cummings v. The State*, 4 Kas. 225; *The State v. Edwards*, 35 id. 105.) The majority of the court think it would be a palpable violation of the bill of rights, and also of the statute, to require an accused who is entitled to his discharge, so far as relates to the offense for which he was committed, to be restrained of his liberty indefinitely at the instance of the state, or upon the order of the court, to await a final trial, or determination of the case against him.

The petitioner will be discharged.

VALENTINE and JOHNSTON, JJ., concurring.

HORTON, C. J., dissenting as to Nos. 2 and 3 of the syllabus.