THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GUILLERMO DÍAZ, Defendant and Appellant.

No. 9322. Argued April 24, 1942.—Decided June 10, 1942.

*Gaspar Rivera Cestero* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The question to be decided in this appeal is whether it is proper to deny a motion to dismiss the prosecution filed by a defendant under §448 of the Code of Criminal Procedure, merely on the ground that the same has been tardily presented.

Guillermo Díaz was charged by the District Attorney of Bayamón with the offense of carrying a prohibited weapon. The information was filed on February 14, 1941, and it was not until July 23, 1941, that the case was set for trial on the 31st of the same month.

The case was called for trial on that day, with the appearance of the defendant personally and through his counsel, and of the People through the district attorney, and the judge said:

"There is pending a motion based on the lapse of 120 days. Said motion was filed yesterday, July 30. According to the last decision of our Supreme Court, the motion comes too late. On that ground the demurrer is overruled."

As may be seen, no inquiry was made as to whether there was good cause for the delay. The motion to dismiss was denied merely because the same was presented one day before the trial and, therefore, came too late, according to the holding of this court.

The defendant, through his counsel, stated that he was aware of the decision of this court to which the judge had made reference—*People* v. *Cardona,* 58 P.R.R. 629—but, as he thought that the *dictum* of said decision had not overruled the case of *Garcés* v. *District Court,* 55 P.R.R. 899, and that his case was distinct from that of Cardona, *supra,* he ought to and he did take an exception to the ruling of the court. The trial was proceeded with and as a result thereof the court found the defendant guilty and sentenced him to one month's imprisonment in jail.

Therefore Díaz appealed, and the first error assigned by him as committed by the trial court, is the denial by the court of his motion to dismiss. The argument under that assignment is long and elaborate. It requires a full review of our decisions on the question raised.

The law regulating the right involved is contained in §448 of our Code of Criminal Procedure, which is equiva-

lent to §1382 of the California Penal Code, and reads as follows:

"Section 448.—The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

The statute specifically refers to the right to a speedy trial which is guaranteed to the accused by §2 of the Organic Act, and construing the latter this court, in *Dyer* v. *Rossy,* 23 P.R.R. 718, said:

"Under this section, where no just cause is shown, the court is peremptorily required to dismiss the case. Where no just cause is shown, we think there is absolutely no discretion in the court. The right of a man charged with a crime to have a trial within one hundred and twenty days, and the duty of the court to dismiss the suit in the absence of such speedy trial, are co-extensive. Where no showing is made, the court has no discretion to refuse to dismiss the case."

Applying that rule to the facts herein, no other conclusion can be reached than that it was the duty of the trial court to dismiss the prosecution.

The dismissal was, however, denied on the ground that the motion came too late. The court cited the *Cardona* case, *supra,* in which this court said:

"Since the study that we have made of the record reveals that the first alleged error was not committed, as the motion filed the previous day and argued at the trial was tardy and being on the contrary convinced that the second error was committed, we shall limit ourselves to state our reasons for considering the evidence insufficient." 58 P.R.R. 629, 632.

The reasons for that conclusion were not set forth and its scope was limited shortly thereafter in *People* v. *Irizarry,*

59 P.R.R. 936, 940, in the sense that it "should be applied only where the motion filed on the previous day has been presented so late or under such circumstances as to be equivalent to a filing on the day of the trial."

In *People* v. *Díaz*, 48 P.R.R. 443, it had been held that motions to dismiss presented on the day of the trial came too late and therefore it was not mandatory for the court to consider them and they could be dismissed on that sole ground, and thereafter this rule prevailed and was confirmed by the *dictum* in *People* v. *Cardona, supra,* whose scope was limited by the decision in *People* v. *Irizarry, supra.*

Delving further into the decisions of this court, we find the case of *People* v. *Ayala,* 19 P.R.R. 888, 894, 896, decided in 1913, where a careful study is made of the meaning and scope of §448 of our Code of Criminal Procedure. The opinion of the court was delivered by Mr. Justice MacLeary, and, with reference to the point here discussed, that is, the time within which such motion can and must be filed, it is said therein:

"With regard to the argument of the *fiscal* maintaining that the motion for dismissal was presented too late, we would say that the said motion having been filed before the jury was empaneled to sit upon this case was in ample time. It is true that generally these motions should be presented at the time of the arraignment, or better still, immediately after the expiration of the time fixed by the law for the presentation of the information or for the holding of the trial, but delaying to make such a prompt presentation of his motion does not destroy the right of the accused to file it at any time before the trial of the case. If such a motion should be presented after the trial, or even after the jury is empaneled, then, according to the decisions of the Supreme Court of California, the right of the accused may be considered as waived by implication. *The People* v. *Hawkins,* 127 Cal., 372.

"The statute of California on this same subject is entirely similar to ours, being in the same words except as to the time allowed for the presentation of the information. For a clearer understanding of the scope of section 448 of our Criminal Code we may make an extract from a decision rendered by the Supreme Court of California.

" 'The defendant was convicted in the court below of the crime of larceny, and sentenced to the state's prison for the term of four years. In support of his appeal to this court, he contends that the court below erred in overruling a motion made by him to dismiss the case. The motion to dismiss was made on the ground that he was not given a speedy trial. It was shown or stipulated, in support of his motion, that the information against him was filed on the seventh day of August, 1888; that he was arraigned and entered his plea of not guilty on the twelfth day of the same month; and that he had never made any application for, nor was there any postponement of, the action in his behalf or on his application. The motion to dismiss was made on the nineteenth day of March, 1889. No showing was made on the part of The People, or any attempt made to show any valid reason for delay. The Constitution guarantees a speedy and public trial to every person charged with crime. (Const., art. 1, sec. 13). The legislature has provided what shall constitute a reasonable time within which a defendant shall be brought to trial. Section 1382 of the Penal Code provides: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: 1. When a person has been held to answer for a public offense, if an indictment is not found or an information filed against him within thirty days thereafter; 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the filing of the indictment or filing of the information." The court below, in denying the defendant's motion, said: "The question you raise I have considered before, and under my construction of the law, it is discretionary, and not mandatory, and I will presume that the court was engaged in the trial of other causes." We think this is not a proper construction of the law. A party charged with crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny him a right so important, or to prolong his imprisonment without such trial beyond the time provided by law. The statute is imperative. "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed." Here no cause for delay was shown. It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it. Under the facts as shown the case should have been dismissed, and it was error to deny the motion.

As to what is meant by a speedy trial, independent of a statute like ours, see *Nixon* v. *State,* 41 Am. Dec. 601, and note 604. Under a statute similar to ours, the Supreme Court of Kansas held that a defendant was entitled to be discharged on a writ of *habeas corpus* where his case had not been tried as required by statute. (*In re McMicken,* 39 Kan., 406.) *People* v. *Morino,* 85 Cal., 516, 517." *People* v. *Ayala,* 19 P.R.R. 888, 894.

We do not mean to say that no grounds could be found to support our more recent decisions. See note to the case of *Pietch* v. *United States,* 110 F. (2d) 817, in 129 A.L.R. 572 to 596. The first decision, however, seems to us to be so clear and well reasoned, that it should be adopted again as the rule to be followed in our district courts, the more so since it is the same that governs in California where the statute is similar to ours, except as to the terms fixed, which are shorter than ours.

Therefore, our decision in *People* v. *Díaz, supra,* and all subsequent decisions, including, of course, that in *People* v. *Cardona,* and *People* v. *Irizarry, supra,* in so far as the same are in conflict with that in *People* v. *Ayala, supra,* are hereby overruled, thus reviving the rule upon this question as the same was laid down in the above-mentioned case of *People* v. *Ayala, supra,* to wit:

"It is true that generally these motions should be presented at the time of the arraignment, or better still, immediately after the expiration of the time fixed by the law for the presentation of the information or for the holding of the trial, but delaying to make such a prompt presentation of his motion does not destroy the right of the accused to file it at any time before the trial of the case."

In *Gerardino et al.* v. *People of Porto Rico,* 29 F. (2d) 517, the United States Circuit Court of Appeals for the First Circuit, speaking through Mr. Justice Anderson, and in reference to the second paragraph of §448 of our Code of Criminal Procedure, said:

"It is now urged that this Porto Rican statute is so far a binding definition of the term 'speedy,' as used in the Organic Act,

as to require a dismissal by this court of these cases in which the actual trial took place 143 days after the granted motion for a continuance. There are several sufficient answers to this contention:

"While this legislative definition is entitled to fair consideration, it is not binding on this court. It is entirely open to this court to hold that 120 days are a period either too long or too short to be within the fair meaning of 'speedy'."

That viewpoint varies to a certain extent from the rigorous one applied in *People* v. *Ayala, supra,* although it may be considered *obiter dicta,* inasmuch as the determination of the case rested on the merits thereof which were weighed as follows:

"If we apply the Porto Rican Code, full force must be given to the provision, supra, that the trial has not been postponed upon the application of the accused. But this trial was postponed upon the defendant's motion; and it does not appear that they did not ask for such continuance as brought their actual trial within 120 days from the end of the continuance sought and obtained. Inferentially, after securing delay, they never thereafter asked for a trial.

"Moreover, the trial under this Code is to be ordered within 120 days, 'unless good cause to the contrary is shown.'

"This record shows that after the granted continuance the trial court was busily engaged in trying other cases. We cannot say that there was not good cause shown for the delay that occurred.

"It follows that it does not appear that these appellants have not had their full rights under the Porto Rican Code definition of 'speedy trial.'

"The cases cited and relied upon are not, on this record, applicable; we need not discuss them. *People* v. *Cepeda,* 31 P.R.R. 465; *Rodríguez* v. *Crosas,* 27 P.R.R. 771; *People* v. *Morino,* 85 Cal. 515, 24 P. 892."

In reëstablishing the former doctrine, it seems advisable to recall what was said in *Garcés* v. *District Court,* 55 P.R.R. 899, 901, 902:

"It can be understood that a district court may have so many cases pending that although it works actively it cannot on some occasions try them all within the statutory period of 120 days, but

one cannot explain why a court cannot enter in the docket all the cases pending before it and ready for trial, prior to the expiration of said period. If the case is thus entered in the docket and defendant does not claim his right to a speedy trial before the statutory period elapses, said right would be waived. If it is claimed, then the court would have the opportunity of doing everything possible to set ahead the date of trial. If it were impossible to do so, the good cause which the law provides would exist and in case defendant should request the dismissal of the prosecution, the court would be justified in denying such a motion." *Garcés* v. *District Court*, 55 P.R.R. 899, 901, 902.

Where after an accused has been arraigned, the case is ready to be tried, or where the record of an appeal is filed, immediate steps should be taken in order to set the case for trial as soon as possible. If the whole term is taken by prior settings, the trial may be set for a subsequent date, and if the accused fails to object he thereby waives his right to be tried within the statutory term. As was held by this court in *People* v. *Ortiz*, 51 P.R.R. 367, to quote from the syllabus:

"The right to the dismissal of the cause or prosecution given by section 448 of the Code of Criminal Procedure can be waived expressly or impliedly.

"Where the trial is set within the term of 120 days and, upon the defendant being summoned, he fails to object immediately to the setting of the trial after the expiration of the term, he thereby waives impliedly his right to dismissal and can not invoke such right after the expiration of said 120 days."

Again we say that we fail to understand why so many cases are taken to this court involving violations of §448 of the Code of Criminal Procedure. The terms as established are sufficiently broad for easily complying with the statute, provided the judges and clerks of district courts adopt an orderly plan of work and diligently follow the same.

For the reasons stated, the case must be remanded to the district court, with directions to hear the motion for dismissal of the prosecution, and in case of failure to show

good cause for the delay, to sustain said motion. Accordingly, the judgment appealed from should be reversed and where applicable, a new trial should be held.