**FOWLER v. GILL, General Superintendent, D. C. Penal Institutions.**

No. 9186.

United States Court of Appeals
District of Columbia.

Argued June 3, 1946.

Decided June 20, 1946.

---

566

Mr. William T. Pace, of Washington, D. C. (appointed by the District Court) for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D.C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D.C., was on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTY-MAN, Associate Justices.

PER CURIAM.

This is an appeal from an order of the District Court denying a petition for habeas corpus. The appellant is now serving a sentence imposed following his conviction of forgery and uttering. He sought a writ of habeas corpus on the theory that the District Court lost jurisdiction during the trial through what he alleges was a denial of his constitutional rights. It is contended that agents of the Federal Bureau of Investigation obtained the evidence that resulted in his conviction by an unlawful search and seizure. It appears, however, that appellant's counsel, before the trial, filed a motion to suppress the evidence of which he now complains and that, after hearing, the motion was denied. The petition for habeas corpus, in effect, seeks a reversal of that ruling, which is equivalent to attempting to substitute the writ for an appeal. That is not its function.[1]

Use of the writ of habeas corpus, on the ground that during his trial the defendant's constitutional rights were so far denied that the court lost jurisdiction, is not justifiable unless the circumstances are so exceptional that it is the only means of preserving those rights.[2] Unquestionably the District Court had jurisdiction in the first instance to try the petitioner, and we observe no exceptional circumstances which caused it to lose that jurisdiction during the progress of the trial. Consequently, as the District Court originally had, and did not lose, jurisdiction, the judgment under which the petitioner is detained is "impervious to his collateral attack."[3]

Affirmed.

---

[1] Boykin v. Huff, 73 App.D.C. 378, 386, 121 F.2d 865.

[2] Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 871, 872.

[3] Ibid.