### SHEPHERD v. UNITED STATES.

### No. 13501.

Circuit Court of Appeals, Eighth Circuit.

Oct. 30, 1947.

Gordon Allen Shepherd, pro se.

Joseph T. Votava, U. S. Atty., of Omaha, Neb., for appellee.

**976**

Before GARDNER, WOODROUGH and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order denying a motion to vacate a judgment of conviction or set aside the sentence in a criminal case. Appellant will be referred to as defendant.

On March 25, 1944, a grand jury sitting in the Omaha Division of the District of Nebraska, indicted defendant on two counts, charging violations of Section 76, Title 18 U.S.C.A., and Section 1393, Title 10 U.S.C.A. On April 10, 1945, he entered a plea of guilty to each of the two counts of the indictment and was sentenced to confinement in the Federal Prison for eighteen months on Count 1, and for six months on Count 2, the sentences to run concurrently and to commence at the expiration of the sentence which defendant was currently serving in the United States Prison at Leavenworth, Kansas. On July 9, 1946, defendant filed his motion to vacate the judgment and on November 9, 1946, filed a motion requesting that he be brought before the court at the hearing on his motion to vacate the judgment. This latter motion, on hearing and on proofs adduced, the court denied. The court also denied his motion to vacate the judgment and set aside the sentence. He was represented by counsel appointed by the court on both of these motions.

It was contended in the trial court, and the contentions are renewed here, (1) that he was denied a speedy trial within the Sixth Amendment to the Constitution, and (2) that the sentence of eighteen months could not legally be imposed to commence at the expiration of the sentence which he was then serving but could only be imposed so as to commence at the time he was committed to the Federal Prison thereunder, and that if it had been so imposed the term would now have expired and he could not longer be held thereunder.

The right to a speedy trial in federal courts has been secured by the Sixth Amendment to the Federal Constitution. The constitutional provision was intended to prevent the oppression of the citizen by delaying criminal prosecution for an indefinite time and to prevent delays in the administration of justice by requiring the judicial tribunals to proceed with reasonable dispatch in the trial of criminal prosecutions. A speedy trial, generally speaking, is one conducted according to prevailing rules, regulations and proceedings of law, free from arbitrary, vexatious and oppressive delays. The right does not require a trial immediately upon the return of an indictment, nor on arrest made under it, but it does require that the trial shall be had as soon as reasonably possible after the indictment is found, without depriving the prosecution of a reasonable time in which to prepare for trial. Delays which have been caused by the accused himself can not, of course, be complained of by him. The right of the accused to a discharge for failure of the prosecution to give him a speedy trial is a personal one to him and may be waived. He must assert the right if he wishes its protection and if he does not make a demand for trial or resist a continuance of the case, or if he goes to trial without objection that the time limit has passed, or fails to make some kind of effort to secure a speedy trial, he will not ordinarily be in position to demand dismissal because of delay in prosecution, and it has been held that an accused who becomes a fugitive from justice can not demand discharge for delay when the delay is the result of his own conduct. Phillips v. United States, 8 Cir., 201 F. 259; Pietch v. United States, 10 Cir., 110 F.2d 817, 129 A.L.R. 563; State v. Swain, 147 Or. 207, 31 P.2d 745, 32 P.2d 773, 93 A.L.R. 921.

Turning now to the basic facts in the instant case, defendant was arrested on September 22, 1943, on a charge of violating Section 76, Title 18 U.S.C.A. He was given a preliminary hearing before a United States Commissioner at Grand Island, Nebraska, and was held for trial under a $2,000 bond. In default of bond he was committed to the Douglas County jail at Omaha, Nebraska. On October 14, 1943, he wrote a letter to the United States Attorney for the District of Nebraska requesting trial. Up to that time no indictment had been returned against defendant and the United States Attorney promptly so

advised the defendant, advising him that the return of an indictment was a prerequisite to trial. On November 6, 1943, defendant was released on bond. The next session of the grand jury was March 25, 1944, at which time the grand jury returned an indictment charging defendant with violation of Section 76, Title 18 U.S.C.A., and Section 1393, Title 10 U.S.C.A. At the first session of the court following the return of this indictment, July 31, 1944, this case was subject to trial, and on July 15, 1944, notice was sent by the United States Attorney to the surety on defendant's bond, directing him to produce defendant for trial on July 31, 1944. The bondsman, however, was unable to produce defendant.

Subsequent to his release on bond, defendant went to Texas, whence he embarked in service on the "Oklahoma." His service on that ship was from December 25, 1943, to January 20, 1944, and subsequently he served on the "Charles Wilson Peale." On February 9, 1944, he deserted this ship at Cardiff, Wales following which desertion he served on British ships for a period of several months, returning to England about the last of March, 1944. A few days after the Allied invasion of France,. he was arrested in London by British immigration officials and was released to the United States Coast Guard on June 11, 1944. He was court-martialed for deserting an American ship on June 12, 1944, which resulted in his seaman's papers being suspended for the period of June 12, 1944 to June 12, 1945. He remained in the custody of the Coast Guard until he was released to the War Shipping Administration, which was on July 2, 1944. Arriving in New York July 11, 1944, he turned in his seaman's papers to the Coast Guard, worked for a towing company from Portland, Maine, to Boston, Massachusetts, as a deckhand on a tow boat from July 15, 1944 to August 31, 1944. He appeared on October 5, 1944 before a United States Commissioner at Lancaster, New Hampshire, charged with a violation of Section 76, Title 18 U.S.C.A. He was later indicted and on October 17, 1944 entered a plea of guilty and on the same date the United States District Court of New Hampshire sentenced him to a term of three years on each count, the sentences to run concurrently. He was received as a prisoner in the United States Penitentiary at Leavenworth, Kansas, on February 9, 1945, and on March 27, 1945, the United States District Court for the District of Nebraska issued a writ of habeas corpus ad prosequendum, directing that defendant be taken from the penitentiary at Leavenworth, Kansas, for trial. As before noted, on his arraignment he made no motion for dismissal, but entered a plea of guilty to each of the two counts of the indictment returned by the grand jury on March 25, 1944.

It is observed that the only request that defendant ever made for a trial was contained in a letter addressed to the United States District Attorney before any indictment had been returned. Before the indictment had been returned, or at least before there was a session of a term of court subsequent to the return of the indictment, defendant absconded and was a fugitive from justice. The request for trial was, of course, under the circumstances premature and in any event he made no application to the court for trial. If an accused deems that he is not being given a speedy trial, his remedy is to make demand by motion to the court for such trial, and not by motion to dismiss the indictment on account of the delay. If a motion for trial should be denied, his further remedy would be to apply to a proper appellate court for writ of mandamus to compel trial. In Phillips v. United States, supra, this court, speaking through the late Judge Carland, in referring to this question of procedure said [201 F. 262], "Counsel for Phillips also moved the court to dismiss the case and discharge the defendant, because the United States had failed to bring him to trial at an earlier date. This motion was also overruled. The sixth amendment to the Constitution of the United States provides that the accused shall enjoy the right to a speedy and public trial; but the record does not show that Phillips ever asked for a trial during the four years that the indictment was pending, and we do not think a defendant can acquiesce in the postponement of his trial, and then, when the same is called, move that the case be dismissed because he had not been given a speedy trial. It is his duty, if he wants a speedy trial, to ask for

it; and we must presume that he would have been granted an earlier trial if he had so asked. There was no error in the ruling of the court in this respect."

In Pietch v. United States, supra, defendant was tried more than seven years after the termination of the transaction on which the indictment was predicated. The court, observing that defendant did not object nor protest to the court respecting the delay, said, [110 F.2d 819, 129 A.L.R. 563] "He filed a motion to dismiss the indictment on account of the delay, but the motion was filed more than three years after the return of the indictment, and it was a motion to dismiss—not a demand for trial. A person charged with a crime cannot assert with success that his right to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States has been invaded unless he asked for a trial. In the absence of an affirmative request or demand for trial *made to the court* it must be presumed that appellant acquiesced in the delay and therefore cannot complain." (Emphasis supplied.)

In Frankel v. Woodrough, 8 Cir., 7 F.2d 796, 798, the defendant was in the penitentiary serving a sentence. During the time he was so imprisoned he filed a motion demanding trial under the pending indictment against him. This demand having been refused, application for writ of mandamus was made to this court and we sustained the application, thus indicating the proper procedure.

Even if defendant might properly urge this question by motion to dismiss the indictment, such motion could not, in view of the undisputed facts, be sustained. At the first term of court at which defendant could have been tried he was absent from the jurisdiction of the court, a fugitive from justice, and remained absent until he was brought into the jurisdiction by writ of habeas corpus ad prosequendum. The right of a speedy trial is relative. It is not inconsistent with delays but depends upon circumstances and here the delay is satisfactorily explained by the government. Defendant was brought to trial as soon as was reasonably possible and as said in Frankel v. Woodrough, supra, " * * *

we think an accused would not be entitled to a discharge even though he were denied a speedy trial within the meaning of the Constitution."

It remains to consider the contention of defendant that the sentences could not be imposed so as to commence at the expiration of the sentence which he was then serving. This contention was wholly without merit. As said in Frankel v. Woodrough, supra, "Cumulative sentences are permissible under federal practice (Blitz v. United States, 153 U.S. 308, 317, 14 S.Ct. 924, 38 L.Ed 725; Howard v. United States [6 Cir.], 75 F. 986, 991, 21 C.C.A. 586, 34 L.R.A. 509), and sentences on convictions during imprisonment may be expressly made to commence at the end of the existing imprisonment (Ponzi v. Fessenden, 258 U.S. 254, 265, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879 * * *)."

Being of the view that there is no merit to either of defendant's contentions, the order appealed from is affirmed.