### UNITED STATES ex rel. MONSKY et al. v. WARDEN OF CLINTON STATE PRISON.

No. 60, Docket 20695.

Circuit Court of Appeals, Second Circuit.

Nov. 3, 1947.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

Louis Monsky and Gustave Monsky, in pro. per.

Nathaniel L. Goldstein, Atty. Gen. (Wendell P. Brown, Sol. Gen., of Albany, and Irving Galt, Asst. Atty. Gen., of counsel), for respondent-appellee.

PER CURIAM.

The record has been thoroughly discussed by Judge Brennan who dismissed the relators' petitions for writs of habeas corpus to review their detention in Clinton State Prison at Dannemora where they are serving sentences imposed by the County Court of Nassau County, New York. Their convictions were affirmed on appeal by the Appellate Division, Second Department (People v. Monsky, 258 App.Div. 753, 15 N.Y.S. 2d 814) and an application by Louis Monsky for a review of questions of law by the Court of Appeals was denied by the Appellate Division (266 App.Div. 664, 41 N.Y.S. 2d 176). Neither party attempted a review by certiorari in the Supreme Court.

Thereafter Louis Monsky filed a petition in the New York Supreme Court, Clinton County, for a writ of habeas corpus which was dismissed. The dismissal was for the reason that: "There is no issue raised which may be reviewed in this proceeding." Louis Monsky thereafter filed a notice of appeal to the New York Court of Appeals and moved for assignment of counsel. This motion was denied and his appeal was dismissed on the ground that no substantial constitutional question was involved in the appeal from the order of the Appellate Division and that no appeal lay as of right from the order (People ex rel. Monsky v. Martin, 291 N.Y. 821, 53 N.E.2d 577). The relator Gustave Monsky filed no petition for a writ of habeas corpus and Louis Monsky made no attempt to exhaust his remedies by applying to the United States Supreme Court to review the action of the State Courts on a writ of certiorari.

On October 3, 1946, a joint motion was made in the Nassau County Court by both defendants in a coram nobis proceeding which was denied. They then applied to the Supreme Court for a writ of certiorari which was denied, 330 U.S. 836, 67 S.Ct. 965.

The relators complain of errors committed at the trial in Nassau County, to wit, of evidence received which had been obtained as the result of an unlawful search, delay in arraignment and receipt of confessions improperly obtained. They also say that they were ignorant of the law and did not understand their rights.

It is evident that neither party exhausted his remedies by an application to the Supreme Court in the habeas corpus proceeding and in the coram nobis proceeding that court denied a writ of certiorari.

In House v. Mayo, 324 U.S. 42, 48, 65 S. Ct. 517, 521, 89 L.Ed. 739, the Supreme Court said: "It is true that where a state court has considered and adjudicated the merits of a petitioner's contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the questions thus

adjudicated." See also Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

We can discover nothing exceptional in this case which calls for a review of, or an interference with, the processes of the State Courts.

The orders dismissing the petition and supplemental petition for habeas corpus are affirmed.