**FOWLER v. HUNTER, Warden.**

No. 3559.

Circuit Court of Appeals, Tenth Circuit.

Nov. 17, 1947.

Frank Stuart Fowler, pro se.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan. on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a writ of habeas corpus. An indictment containing two counts was returned against Fowler [1] on November 15, 1943, in the District Court of the United States for the District of Columbia. The first count charged that petitioner, with intent to defraud, made and forged a bank check. The second count charged that petitioner, with intent to defraud, uttered such check.

On November 22, 1943, James J. Laughlin entered his appearance in the criminal case for petitioner. On December 27, 1944,

---

[1] Hereinafter called petitioner.

petitioner filed a motion for an order directing the summoning of witnesses at the expense of the United States. On January 8, 1945, petitioner filed a motion to discharge his counsel. On the same day, a motion to dismiss the indictment was filed. On the same day, Laughlin filed a motion to withdraw his appearance, which motion was granted. Upon the withdrawal of Laughlin, the court appointed Saul G. Lichtenberg, a duly licensed and practicing attorney in the District of Columbia, to represent petitioner in the criminal case. On January 22, 1945, a motion to suppress certain evidence was filed. Briefs were filed on the motion to suppress and, on March 21, 1945, it was denied.

The case came on for trial on March 28, 1945. After twelve jurors were impaneled and sworn to try the case, a recess was taken and two of the jurors failed to return. Thereupon, it was stipulated and agreed, with the consent of the petitioner, that the trial proceed with a jury of ten persons. Verdicts of guilty were returned on both counts and petitioner was sentenced to imprisonment for a period of 16 months to 4 years and to pay a fine of $100.

At the habeas corpus hearing below, petitioner testified that on July 22, 1943, two agents of the Federal Bureau of Investigation interviewed petitioner at his room in the Carroll-Arms Hotel in Washington, D. C.; that they asked him for his draft card; that he opened the card compartment of his wallet and exhibited both sides of the draft card to the agents; that one of the agents seized the wallet, examined its contents, and took a check from the wallet. He did not describe the check or identify it as the check charged to have been forged and uttered. He further testified that the agents took him to their field office at 1317 K Street and questioned him in relays; and that they refused his request to contact a lawyer and his request to be taken before a Commissioner.

Petitioner introduced a certified copy of the records of Needham C. Turnage, a United States Commissioner for the Dis-

trict of Columbia, which disclosed these facts: On August 2, 1943, a complaint was filed before such United States Commissioner charging petitioner with falsely pretending to be an investigator for the Committee on the Judiciary of the United States Senate. On the same day, petitioner was taken before the Commissioner and entered a plea of not guilty to the complaint. The hearing was continued until August 5, 1943. The matter came on for hearing on August 12, 1943. Evidence was introduced and the Commissioner bound the petitioner over to await the action of the grand jury on the charge. It should be observed that neither of the offenses charged in the indictment was the charge made before the Commissioner.

Petitioner further testified that he filed about twelve different writs of habeas corpus demanding that he be tried. The docket entries in the criminal case show that no demand for trial was filed therein. The evidence failed to establish that either of petitioner's counsel pressed the case for trial. The record further discloses that the delay, in part, was occasioned by motions interposed by petitioner's counsel and the fact that Laughlin was engaged as counsel in the extended trial of a sedition case in the District of Columbia which commenced on May 16, 1944, and terminated November 29, 1944. Petitioner testified Laughlin told him that because of the sedition case and other matters he could not bring petitioner's case to trial. There was no undue delay after Laughlin withdrew his appearance.

▮▮▮▮ The issues of fact and law with respect to whether evidence introduced at the criminal trial was obtained by an unlawful search and seizure were tried on the motion to suppress in the criminal case and the legality of the search and seizure was sustained. The District Court for the District of Columbia had jurisdiction to determine those issues and its judgment is binding on this court under the doctrine or res judicata.[2] An erroneous determination of those issues would not have rendered the judgment of conviction void or

---

[2] Garrison v. Hunter, 10 Cir., 149 F.2d 844, 845; See, also, Fowler v. Gill, App.D.C., 156 F.2d 565.

subject to collateral attack on habeas corpus.

 A defendant in a criminal case may waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons. Such waiver may be by stipulation of defendant's counsel, if consented to by the defendant. The power of waiver exists irrespective of whether the charge is a misdemeanor or a felony.[3]

 The fact that petitioner was held for eleven days without being taken before a United States Commissioner on the charge of impersonating an investigator for the Committee on the Judiciary of the United States Senate could not affect the legality of the prosecution on the separate and distinct charges of the indictment upon which petitioner was tried and convicted. There was no proof that petitioner made any admissions or confessions, when the agents interrogated him with respect to the charge of impersonation, which were introduced in evidence or in anywise used against him in the trial on the charges laid in the indictment.

 The long delay in bringing the petitioner to trial cannot be commended. However, there is nothing in the record to indicate that either petitioner or his counsel interposed any demand in the court in which the criminal case was pending for a trial on the criminal charges. As stated above, the docket entries indicate the contrary. Petitioner did testify that "I filed about twelve different writs of habeas corpus demanding that I be tried." He introduced no court records to support that statement and apparently the lower court did not believe his testimony. Moreover, an application for a writ of habeas corpus does not seek a trial. It seeks discharge from custody. The accused waives his right to discharge or to a dismissal of the prosecution by reason of the delay in bringing him to trial if he does not make a proper application therefor.[4] The demand for trial must be addressed to the court in which the indictment is pending[5]. Moreover, it has been held that the remedy of a person charged with a crime, who is not accorded a speedy trial, is to demand trial, and if the demand is not met, to apply to the proper appellate court for a writ of mandamus to compel trial.[6]

We conclude that on the showing on this record, petitioner was not entitled to discharge on habeas corpus.

Affirmed.

---

[3] Patton v. United States, 281 U.S. 276, 299, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

[4] Pietch v. United States, 10 Cir., 110 F.2d 817, 819, 129 A.L.R. 563; Shepherd v. United States, 8 Cir., 163 F.2d 974.

[5] People v. Newell, 192 Cal. 659, 221 P. 622, 626; In re Spradlend, 38 Mo. 547, 549; Hunley v. State, 105 Ga. 636, 31 S.E. 543, 544; Pietch v. United States, 10· Cir., 110 F.2d 817, 819, 129 A.L.R. 563.

[6] Frankel v. Woodrough, 8 Cir., 7 F. 2d 796, 798; McDonald v. Hudspeth, 10 Cir., 113 F.2d 984, 986. Shepherd v. United States, 8 Cir., 163 F.2d 974.