**SHEPHERD v. UNITED STATES.**

Cr. No. 9128.

United States District Court
D. Nebraska, Grand Island Division.

Sept. 14, 1950.

480

No appearances.

DONOHOE, Chief Judge.

The petitioner, an inmate of the United States Penitentiary at Leavenworth, Kansas, was sentenced to a term of three years in prison by the United States District Court in Concord, New Hampshire, on October 18, 1944, and a term of eighteen months in prison by the United States District Court of this District on April 10, 1945. The basic facts behind the sentence imposed upon the petitioner here in this District are these:

On March 25, 1944, a grand jury sitting in the Omaha Division of the District of Nebraska, indicted defendant on two counts, charging violation of Section 76, [Revised Section 912], Title 18 U.S.C.A., and Section 1393, Title 10 U.S.C.A. On April 10, 1945, he entered a plea of guilty to each of the two counts of the indictment and was sentenced to confinement in the Federal Prison for eighteen months on Count 1, and for six months on Count 2, the sentences to run concurrently and to commence at the expiration of the New Hampshire sentence which the defendant was currently serving in the United States Prison at Leavenworth, Kansas. The petitioner made a motion to vacate the judgment and set aside the sentence. This court overruled the motion and the Circuit Court of Appeals, Eighth Circuit, affirmed our action in an opinion which disposes of several of the petitioner's present contentions. Shepherd v. United States, 8 Cir., 1947, 163 F. 2d 974.

After receiving the eighteen-month sentence in this District, the petitioner had a total sentence of four and one-half years, on which he was allowed a total of 378 days good time. 18 U.S.C.A. § 4161. On May 9, 1945, he forfeited 90 days good time. By December 24, 1947, 81 days of the forfeited good time had been restored and petitioner was discharged on a Conditional Release with an allowance of 369 days statutory good time, 18 U.S.C.A. § 4161, and 111 days industrial good time. 18 U.S.C.A. § 4162. Petitioner was to have been under supervision until the maximum date of his sentence April 17, 1949.

On March 17, 1949, the United States District Court in Hutchinson, Kansas, sentenced the petitioner to a term of four years in prison for "impersonating a Naval Officer" in Wichita, Kansas, during July and August, 1948. See discussion of this case in Habeas Corpus Action, Shepherd v. Hunter, 10 Cir., 1947, 163 F.2d 872. On October 27, 1948, the United States Board of Paroles issued a warrant to retake the prisoner for parole violation, specifically, the offense named above. 18 U.S.C.A. § 4205. The petitioner's good time was thereby forfeited, 18 U.S.C.A. § 4165, and when he has completed the present sentence he will be required to complete the former four and one-half year sentence for which he was allowed good time and conditionally released.

Upon the petitioner's affidavit of poverty, leave has been granted for the filing of what the petitioner entitles "Petition for an Order to Correct Sentence". This is in substance a motion attacking sentence under the provisions of Section 2255, Title 28 U.S.C.A. By the terms of this section, a prisoner in custody under sentence of a court established by Act of Congress, may move the court which imposed the sentence to vacate, set aside or correct the sentence only in four given situations.

First; The sentence may be corrected if it were imposed in violation of the constitution or laws of the United States. The petitioner mentions the "ex post facto" laws in his pleading, but does not assert any substantive facts which could lead us to the conclusion that the sentence imposed by this court is in any manner "ex post facto"; and a careful examination of the record and the provisions of the Code which the petitioner was found guilty of violating leads us to the opposite conclusion. In a vague manner the pleading seems to indicate that reinstatement by the Board of Paroles of the unserved good time is for some reason "ex post facto". We can only comment that the action of this board is

not within our jurisdiction, and even if it were, there is nothing in the record to indicate that the board exceeded its authority in reinstating the unserved term. See 18 U.S.C.A., Chap. 311, §§ 4201–4207. Finally, this point can not properly be raised by a motion attacking the original sentence.

Petitioner's contention that the sentences of the Nebraska Court could not be imposed so as to commence at the expiration of the sentence imposed by the New Hampshire Court is wholly without merit and was disposed of by the Circuit Court of Appeals in Shepherd v. United States, 163 F.2d 978: supra: "Cumulative sentences are permissible under federal practice (Blitz v. United States, 153 U.S. 308, 317, 14 S.Ct. 924, 38 L.Ed. 725; Howard v. United States, 6 Cir., 75 F. 986, 991, 21 C.C.A. 586, 34 L.R.A. 509), and sentences on convictions during imprisonment may be expressly made to commence at the end of the existing imprisonment * * *."

Second: The sentence may be corrected if the court did not have jurisdiction to impose the sentence. Not only does the petitioner admit jurisdiction in his pleading, but the record of the case clearly shows that this court had jurisdiction to impose the original sentence.

Third: The sentence may be corrected if it exceeds the maximum allowed by law. Under count 1 of the indictment, 18 U.S.C.A. § 76, the petitioner could have been sentenced for a period of three years. He was actually only sentenced for eighteen months. Under count 2 of the indictment 10 U.S.C.A. § 1393, the defendant could have been and was sentenced for a period of six months.

Fourth: The sentence may be corrected if it is for some other reason subject to collateral attack. Nothing can be found in the petitioner's motion or in the record of the case that would indicate the sentence under discussion is for any reason subject to collateral attack.

From the foregoing comments, it should be obvious that this court has neither the right nor the reason to set aside the sentence in question. The record, the files

and the petitioner's own motion conclusively show that he is not entitled to relief under Section 2255, Title 28 U.S.C.A. Consequently, the court is constrained to overrule the motion and allow the sentence to stand as pronounced.