**Henry F. REDDINGTON, Defendant,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5049.**

United States Court of Appeals
First Circuit.

Jan. 11, 1956.

Writ of Certiorari Denied
March 26, 1956.

See 76 S.Ct. 556.

Henry F. Reddington, pro se, on brief for appellant.

Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., with whom Anthony Julian, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

On March 13, 1953, the present appellant, with others, was indicted in the United States District Court for the District of Massachusetts for conspiracy to transport stolen motor vehicles in interstate commerce, in violation of 18 U.S.C. § 371. At the same time two additional indictments were returned against appellant, and others, charging substantive offenses under 18 U.S.C. § 2312. Appellant was arraigned and pleaded not guilty on March 18, 1953.

After a trial commencing June 21, 1955, the jury returned verdicts of guilty against appellant, and sentences were imposed pursuant to the verdicts on August 17, 1955. The present appeal is from these judgments of conviction.

At first, the district court granted appellant leave to prosecute an appeal *in forma pauperis*. Later, upon leave granted by this court, the district court held a hearing for the purpose of re-considering its allowance of appellant's motion to proceed *in forma pauperis*, and on October 3, 1955, the district court revoked its prior order in this respect. In an accompanying memorandum, the district court concluded as follows:

"I find that the appeal is frivolous. I certify that in my opinion the defendant is not proceeding in good faith even if that involves the question of his state of mind. I believe that he enjoys legal proceedings, that this appeal affords him something to relieve the monotony of his present state court incarceration, and that he is merely playing for the outside chance. The allowance of the motion to proceed *in forma pauperis* is revoked and said motion is denied."

On the record before us, the only point that might be considered as properly presented is that the district court was in error in denying a motion for dismissal of the indictments on the ground that appellant had been denied his right to a speedy trial as guaranteed by the Sixth Amendment. We are unable to conclude that there was undue delay in bringing appellant to trial, or that appellant suffered any substantial prejudice on account of the interval of time which elapsed between the date of the indictments and the commencement of the trial. The district court committed no abuse of discretion in denying the motion to dismiss the indictments, as is made clear by the memoranda on the point filed by Judge Wyzanski and by Judge Aldrich. See, generally, Shepherd v. United States, 8 Cir., 1947, 163 F.2d 974; Pietch v. United States, 10 Cir., 1940, 110 F.2d 817, certiorari denied 1940, 310 U. S. 648, 60 S.Ct. 1100, 84 L.Ed. 1414; Worthington v. United States, 7 Cir., 1924, 1 F.2d 154, certiorari denied 1924, 266 U.S. 626, 45 S.Ct. 125, 69 L.Ed. 475.

The judgments of the District Court are affirmed.