**UNITED STATES of America**

v.

**Robert Maurice SHERWOOD, Milton Berman, Arthur I. Korn and John Christopher Doyle.**

**Cr. No. 10692.**

United States District Court
D. Connecticut.

July 31, 1964.

See also D.C., 38 F.R.D. 14.

Robert C. Zampano, U. S. Atty., New Haven, Conn., Victor C. Woerheide, Department of Justice, Washington, D. C., for plaintiff.

Arthur H. Christy, Christy, Bauman & Christy, New York City, David Goldstein, Jacob D. Zeldes, Goldstein & Peck, Bridgeport, Conn., for defendant John Christopher Doyle.

CLARIE, District Judge.

I.

The defendant, John Christopher Doyle, has moved this Court for permission to amend his motion to dismiss a criminal indictment returned against him and three other defendants (Robert Maurice Sherwood, Milton Berman, and Arthur I. Korn). The proposed amendment claims that defendant Doyle was denied his constitutional right to a speedy trial under the Sixth Amendment and Rule 48(b), Fed.R.Crim.P., because of a post-indictment delay of thirteen (13) months and four (4) days resulting from a sealing of the indictment.

At the commencement of a hearing on similar motions by the other three defendants, held on May 26, 1964, counsel for Doyle explictly represented to the

Court that his client would not claim relief because of post-indictment delay.[1] The defendant now claims that this representation was made at a time when he had been led by the Government to believe mistakenly that the original sealing of the indictment was at the instigation of Doyle's prior counsel. However, the Government revealed at that hearing and subsequently by affidavit that the sealing was initiated, because of its belief that two of the defendants (Berman and Sherwood) were outside the country.[2]

Rule 12(b) (2), Fed.R.Crim.P., provides, in part:

"Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver."

It is apparent that the oral waiver by Doyle's attorney was made in good faith without full knowledge of all the pertinent facts. It cannot be said, therefore, that Doyle waived his rights to argue violation of the Sixth Amendment. A waiver of constitutional rights must be a voluntary relinquishment of a known right. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

Accordingly, this Court will permit the defendant to present this issue. The defendant's motion for permission to amend the motion to dismiss is granted.

## II.

The defendant Doyle's motion to dismiss the indictment against him, because of post-indictment delay and prejudice in violation of his constitutional rights is without merit. The Court in passing upon the claim, reviewed the transcripts relating to the return of the indictment in open court, the affidavits and counter-affidavits of the parties containing admissions and certain facts upon which all agreed, together with their respective memoranda of law.[3]

The circumstances surrounding the Court's original order sealing the indictment was for proper cause and within the purview of Rule 6(e), Fed.R. Crim.P.[4] During the period from July 2, 1962 to August 23, 1962, it remained sealed for a purpose not directly related to defendant Doyle.[5] Thereafter, because of representations of Doyle's counsel that there had been a commitment by the Government not to prosecute him, the Government commenced a full-scale inquiry into these allegations.[6]

Nathaniel E. Kossack, Chief of the Fraud Section of the Criminal Division of the Department of Justice, stated in paragraph 4 of his affidavit that the attorney for the Securities Exchange Commission recommended to an Assistant United States Attorney that the impounding of the indictment continue for an indefinite, but short time, at most a few months, since it was his understanding that the defendants Sherwood and Berman were outside the United States.

In paragraph 8 thereof, he stated:

"It is impossible to say, with any specificity, on what exact date the prime reason for the continuation of the impounding was the commitment allegation rather than the presumed absence from the United States of defendants Sherwood and Berman. I can, however, firmly represent to this Court that from early September, 1962, the sole reason in my mind for the continuance of the impounding was the necessity of a pri-

1. Tr. of Hearing (May 26, 1964) 4–5.

2. Tr. of Hearing (May 26, 1964) 74–75; Kossack Affidavit, filed June 5, 1964.

3. See Ruling on Defendants' Motions to Dismiss; Limited to Post-Indictment Delay and Prejudice, Crim. No. 10,692, filed July 25, 1964.

4. Kossack Affidavit, supra, note 2, p. 2; See Jaegerman Affidavit, filed June 30, 1964, p. 1.

5. See supra, note 2 and accompanying text.

6. Kossack Affidavit, supra, note 2, p. 4.

or resolution of the issue of the alleged commitment." [7]

On a prior motion affecting the other three defendants in this case, the Court ruled that under all the circumstances a period of 90 days from the grand jury's return of the indictment was a reasonable time within which to accomplish the purpose of Rule 6(e).[8] The sealing of the indictment from July 2, 1962 to August 23, 1962, a period of 52 days, is certainly reasonable and well within said limitation, in respect to all defendants. Thereafter, from August 23, 1962, or at least from early September 1962, the continued sealing was materially contributed to and caused by the defendant's own efforts.[9]

"Delays which have been caused by the accused himself can not, of course, be complained of by him." Shepherd v. United States, 163 F.2d 974, 976 (8th Cir. 1947).

"It is equally elementary that the constitutional guarantee of a speedy trial is directed at a delay in prosecution to which the accused has not contributed." Fouts v. United States, 253 F.2d 215, 217 (6th Cir. 1958).

His counsel admits actual knowledge of the indictment on and after April 23, 1963 and concedes that at that time every effort was made to prevent its unsealing.[10] Continued efforts by said defendant sought the quashing of the indictment, because of the alleged Government commitment not to prosecute.

In criminal prosecution matters, one cannot instigate action which is certain to invite delay in the orderly progress of his case and thereafter claim that this same delay, which he created, has caused him prejudice and an invasion of his constitutional or legal rights.[11]

Therefore, the defendant's motion to dismiss the indictment because of post-indictment delay is denied.

---

7. Ibid.

8. See supra, note 3, p. 10.

9. See supra, note 2, p. 4.

10. Christy Affidavit, filed June 5, 1964, p. 8.

11. United States v. Lustman, 258 F.2d 475, 477 (2d Cir. 1958).