## MORLAND v. UNITED STATES.

### No. 4338.

United States Court of Appeals
Tenth Circuit.

Dec. 6, 1951.

Kenneth H. Hiebsch, Wichita, Kan., for appellant.

Lester Luther, U. S. Atty., Topeka, Kan. (Eugene W. Davis, Asst. U. S. Atty., and Malcolm Miller, Asst. U. S. Atty., Topeka, Kan., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge and BRATTON and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order denying a motion to vacate a judgment and sentence, filed by Morland under 28 U.S.C.A. § 2255.

On October 4, 1946, an indictment was returned in the United States District Court for the District of Kansas, which contained two counts charging violations of 18 U.S.C.A. § 73 (now 18 U.S.C.A. § 495). Morland was not immediately apprehended. In January, 1949, Morland was released from the Missouri State Penitentiary at Jefferson City, Missouri, after having served 15 months and 23 days of a two-year sentence imposed by a Missouri state court. He was taken before a United States Commissioner at Jefferson City and admitted his identity. He was brought before the United States District Court for the District of Kansas under a removal order signed by the Honorable Albert L. Reeves, a Judge of the United States District Court for the Western District of Missouri.

On February 18, 1949, Morland entered a plea of guilty to Count Two of the indictment and Count One of the indictment was dismissed. Imposition of sentence was suspended and he was placed on probation for a period of two years. At the time of his arraignment and the imposition of sentence he was represented by counsel appointed by the court. On April 24, 1950, the chief probation officer for the District of Kansas reported that Morland had violated and was continuing to violate the terms of his probation in that he had failed to make regular reports, had removed himself from the jurisdiction of the court without permission and had not kept the probation office advised as to his whereabouts. Thereupon the United States District Court for the District of Kansas issued a warrant for his apprehension. He was arrested on such warrant and brought before the court on September 28, 1950. After a hearing on the charge of violating his probation, at which Morland was represented by counsel appointed by the court, the court found him guilty of violating his probation and committed him to the custody of the Attorney General for a period of five years on Count Two of the indictment.

■■■ Morland asserts that the sentence was void because he was denied a speedy trial. It affirmatively appears that the delay was due to the fact that Morland had not been apprehended and had been incarcerated in the Missouri State Penitentiary for a period of 15 months and 23 days. A defendant cannot complain that he has been denied a speedy trial by reason of delay which he himself caused.[1] We are of the opinion that there was no undue delay, under the circumstances. Moreover, the right to a speedy trial is a personal right which may be waived and is waived if the accused fails to assert his rights.[2] Morland at no time demanded or sought an earlier trial on the indictment.

■■■ Morland asserts that the indictment is void on its face. Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that the indictment shall state for each count the citation of the statute alleged to have been violated. The record does not contain the caption of the indictment and there is no allegation in the motion to vacate that the proper citation was omitted. Moreover, if the proper citation was omitted, such omission did not render the indictment void or deprive the court of jurisdiction. A citation of the statute is not a part of the indictment and neither adds to nor weakens the legal force of its averments.[3]

The other matters urged constitute no grounds for relief under 28 U.S.C.A. § 2255, and, moreover, are clearly without merit.

The order is affirmed.

1. Shepherd v. United States, 8 Cir., 163 F.2d 974, 976.

2. Shepherd v. United States, 8 Cir., 163 F.2d 974, 976; Pietch v. United States, 10 Cir., 110 F.2d 817, 819.

3. United States v. Lynch, 7 Cir., 180 F.2d 696, 698; Moore v. Hudspeth, 10 Cir., 110 F.2d 386, 388; Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509.