**UNITED STATES of America,**
**Complainant,**

**v.**

**Michael PATRISSO, Edward Ellis, Monroe Postrel and Simon Mankes,**
**Defendants.**

United States District Court
S. D. New York.
Jan. 30, 1958.

See also 20 F.R.D. 576.

Paul W. Williams, U. S. Atty., for the Southern District of New York, by William K. Zinke, Asst. U. S. Atty., for the United States.

Louis A. D'Agosto, New York City, for defendant Patrisso.

Elio F. Wein, New York City, for defendant Ellis.

Theodore T. Weiser, New York City, for defendant Postrel.

George W. Herz, Jamaica, N. Y., for defendant Mankes.

DAWSON, District Judge.

These are four motions made by the above-named defendants under Rules 12(b) and 48(b) of the Rules of Criminal Procedure, 18 U.S.C. and under the Sixth Amendment to the Constitution, to dismiss indictments against them by reason

of the Government's failure to prosecute and the alleged denial of their right to a speedy trial. Defendants are under indictment for having conspired to possess and transport stolen property in interstate commerce and for having possessed and transported such property, in violation of §§ 371 and 659 of Title 18 of the United States Code.

Defendants have submitted affidavits in support of these motions which show that arrests in this case were made in May and June of 1953, at which time defendants were released on bail. The Grand Jury indictment of the defendants was filed on July 2, 1954 and defendants entered pleas of not guilty to the indictment. The affidavits further show that the trial of the case was initially set for August 10, 1954, but that the Government requested adjournments at that time and thereafter until November 24, 1954, at which time the case was marked off the trial calendar at the Government's request.

On March 8, 1957, which was two years and four months later, the Government moved to restore the case to the calendar and to set the case for trial on March 25, 1957. Defendants thereupon moved to dismiss the indictment for failure on the part of the Government to prosecute. These motions were denied by Judges Murphy and Levet of this Court on March 25 and April 8, 1957. The case was then marked "ready and passed" on the trial calendar on May 6, 1957, and has been on that calendar to this date, awaiting assignment to a judge for purposes of trial.

Defendants allege that they have been prejudiced by the delay in this trial to the extent that witnesses are now dead or missing, that one corporation has dissolved and the records of another are unavailable. They say that their chance to rebut possible surprise in the Government's case at trial is greatly lessened, due to the scattering of witnesses and the fading of memories. Further, they say that the recollection of all is prejudicially diminished by the passage of years. The Government states in its affidavit that this case has been on the ready trial calendar since May of 1957 and they have been awaiting the assignment of the case out to the trial part. The Government, however, does not allege any efforts on its part to secure that the case be assigned to a judge, nor can the Government deny that many other cases placed on the calendar subsequent to this one have been tried in the interim period.

These motions to dismiss by reason of the Government's failure to prosecute its case are based upon a criminal defendant's right to a speedy trial granted by the Sixth Amendment of the Constitution, and upon Rule 48(b) of the Rules of Criminal Procedure which gives the Court discretion to dismiss a case where there has been unnecessary delay or failure of prosecution.

■ The Court finds that there has been no violation of defendants' constitutional rights. Defendants cannot sit on their right to a speedy trial but must take affirmative action to secure that trial. The constitutional guarantee of a speedy trial is a personal right which may be waived and is waived by the accused's failure to demand trial. See Pietch v. United States, 10 Cir., 1940, 110 F.2d 817, 129 A.L.R. 563, certiorari denied, 310 U.S. 648; United States v. Stein, D.C.S.D.N.Y.1955, 18 F.R.D. 17. Defendants brought their motions to dismiss this case for failure of prosecution in March of last year as an affirmative action on their part to secure their Sixth Amendment rights, and those motions were properly denied by Judges Murphy and Levet since defendants had taken no prior affirmative action to secure those rights and the Court could presume that they therefore acquiesced in the delay and chose to waive those rights.

■ This Court has no right to review the determinations of Judges Murphy and Levet. However, substantially all of the allegations of prejudice alleged by the defendants in the instant motions are the same as those alleged in the motions

which came on before Judges Murphy and Levet. It has not been shown that since the date of those determinations any witnesses have died or disappeared, and aside from the mere passage of nine months of time no facts are alleged which differentiate these motions from the motions which have already been determined adversely to the defendants by the judges of this Court.

■ The defendants, of course, did bring on the motions before Judges Murphy and Levet which is an indication that they wanted a prompt trial. Immediately after those motions were denied the case was placed on the "ready and passed" calendar. The meaning of this was that the Government was ready forthwith to try the case as soon as a judge was available. However, the Government or the defendants could have moved in the Criminal Calendar Part for an assignment of the case to a judge at any time in the last nine months. At no time during this period have the defendants taken any action to have the case assigned for trial. The Court has many cases on its trial calendar and only a limited number of judges available to try them. There is no doubt that if the defendants had appeared before the judge sitting in the Criminal Calendar Part and made a motion to have their case referred out for a prompt trial the motion would have been granted. However, the defendants chose not to do that but rather chose to sit back and wait for further time to elapse, and now come in with this motion to dismiss the case because of the passage of time. They have not shown that any prejudice has been suffered by them by the delay of the past nine months. They further do not show that they made any other application to the District Court nor have they petitioned the Court of Appeals for a writ of mandamus.[1] Therefore, in the absence of any affirmative action on the part of the defendants, and in the absence of any substantial prejudice, this Court finds there has been no violation of defendants' rights to a speedy trial under the Sixth Amendment of the Constitution. Pietch v. United States, supra; United States v. Stein, supra. See also United States v. Provoo, D.C.D.Md.1955, 17 F.R.D. 183, affirmed 1957, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761; Note, 64 Yale L.J. 1208 (1955).

■■ This leaves then the question whether the Court should exercise its discretion to dismiss this indictment by reason of unnecessary delay in bringing this case to trial. See Fed.R.Crim.P. 48(b); United States v. McWilliams, 1947, 82 U.S.App.D.C. 259, 163 F.2d 695; Ex parte Altman, D.C.S.D.Cal. 1940, 34 F. Supp. 106. This Court firmly believes that criminal cases should be tried with the greatest expedition and that the best interests of defendants and the Government alike are served by such rapid prosecution. There is no doubt but that delay may lead to a loss of the availability of certain witnesses or records and may obscure the memories of those who are called upon to testify. However, mere delay does not warrant the Court in exercising its discretion to dismiss an indictment, and this is particularly so where the defendants have not taken action to secure a speedy trial. This seems to be the case here. The Court finds little excuse for the Government's dilatoriness in failing to push this case along. However, the defendants had many opportunities over the period of this last year and prior thereto in which they could have and should have pressed for a speedy trial, if that was their desire. They have brought this second motion to dismiss for failure of prosecution, but this motion seems more to evidence defendants' desire to avoid the criminal charges against them rather than to secure a speedy trial of those charges. The affidavits do not persuade the Court that the Government has deliberately or op-

---

1. See Frankel v. Woodrough, 8 Cir., 1925, 7 F.2d 796; Shepherd v. United States, 8 Cir., 1947, 163 F.2d 974; Note, 64 Yale L.J. 1208 (1955).

pressively sought to delay the trial nor does there appear to have been such new and substantial prejudice effected by the delays that justice cannot be effected by a prompt trial of this case. The motions to dismiss are denied. The Court directs, however, that this case shall be assigned to a judge for trial as early in February as a judge is available for that purpose. So ordered.