**Albert George FOUTS, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**Virgil SUMMERS, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**Nos. 13158, 13159.**

United States Court of Appeals
Sixth Circuit.

Feb. 4, 1958.

Robert C. Knee, Dayton, Ohio, for appellant Albert George Fouts.

Raymond A. White, Dayton, Ohio, for appellant Virgil Summers.

Jack H. Patricoff, Dayton, Ohio, on the brief, for appellants.

H. Donald Hawkins, Dayton, Ohio (Hugh K. Martin, U. S. Atty., Dayton, Ohio, on the brief), for the United States.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

MARTIN, Circuit Judge.

A state warrant was issued on July 6, 1946, charging appellants, Fouts and Summers [and another person], with armed robbery. These defendants were arrested, arraigned and tried in the Common Pleas Court of Montgomery County, Ohio. The trial was begun August 14,

1946, and was terminated twelve days later [August 26, 1946] with a verdict of guilty as charged. On the day following their conviction and sentence, appellants were incarcerated in the Ohio Penitentiary at Columbus, which is located within the Southern District of Ohio. In August of 1956, after about ten years of their sentences had been served, both appellants were paroled; but they were not released from the state prison because of federal detainers which had been lodged with the prison authorities.

A federally insured bank at Ansonia, Ohio, was robbed on or about November 8 or 9, 1945. A federal warrant for the arrest of Fouts, Summers and two accomplices was issued by the United States Commissioner on August 23, 1946; and, on December 9, 1946, the federal Grand Jury for the Southern District of Ohio indicted appellants and their accomplices for violation of the bank-robbery statute [§ 588b, Title 12, U.S.C.A.[1]]. The indictment was duly filed with the Clerk of the United States District Court for that district on the same day. The record discloses no effort on the part of the United States Government to bring these appellants to trial on the federal indictment pending during their ten-year period of confinement in the Ohio Penitentiary, resulting from the other armed robbery. Pursuant to the warrant issued August 23, 1946, Fouts was arrested at the state prison and delivered to the United States Marshal on September 20, 1956. In the same manner, Summers was arrested on November 8, 1956. Both were arraigned in the United States District Court for the Southern District of Ohio, Western Division, and entered pleas of not guilty to the indictment.

Motions were filed on January 4, 1957, seeking dismissal of the indictment and discharge of the defendants. The motions alleged that the government's unnecessary delay in prosecuting the appellants had deprived them of their right to a speedy trial, guaranteed by the Sixth Amendment to the Constitution of the United States. The district court deferred ruling on these motions until the government had completed its case, after which both motions were overruled.

The trial in the district court resulted in verdicts of guilty. Accordingly, on January 11, 1957, judgments of conviction and sentence were entered, committing both appellants to the custody of the Attorney General for terms of five years. The appeals now before us are from those judgments and commitments.

The Sixth Amendment to the Constitution of the United States provides in part that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. * * *" Nowhere does the Constitution set forth any test for determining whether this right has been denied or abridged, nor do the statutes furnish help in this respect.

The number of years having elapsed since the commission of the offense is an important, but not conclusive, criterion. We recognize that, in extreme cases of delay, a fair trial cannot be had because of unavailability of witnesses, or faltering memories. An example of extreme delay [20 years] may be found in United States v. Chase, D.C.Ill.1955, 135 F.Supp. 230. The passage of ten years in the instant case does not establish conclusively the impossibility of a fair trial, but the lapse of such lengthy period is a monition that an extremely careful appraisal of the circumstances should be made by the court.

It is well established that the accused does not forfeit his right to a speedy trial solely because of his being confined in the penitentiary. United States ex rel. Coleman v. Cox, 5 Cir., 1931, 47 F.2d 988; Frankel v. Woodrough, 8 Cir., 1925, 7 F.2d 796. It is equally elementary that the constitutional guarantee of a speedy trial is directed at a delay in prosecution to which the accused has not contributed. Accordingly, we have held that a defendant may not complain of delay occasioned by

1. Now 18 U.S.C.A. § 2113.

his becoming a fugitive from justice during the period in which his indictment was pending. Hart v. United States, 6 Cir., 1910, 183 F. 368, certiorari denied 220 U.S. 609, 31 S.Ct. 714, 55 L.Ed. 608. We reached a consistent result under analogous circumstances in Carter v. State of Tennessee, 6 Cir., 1927, 18 F.2d 850. There, a three-year delay of trial in the United States District Court had resulted from the incarceration of the accused in a State penitentiary following his conviction for a different offense. No motion for a speedy trial had been made. These circumstances were, of course, of the accused's own making. See also Morland v. United States, 10 Cir., 1951, 193 F.2d 297; Nolan v. United States, 8 Cir., 1947, 163 F.2d 768, certiorari denied 333 U.S. 846, 68 S.Ct. 649, 92 L.Ed. 1130. Indeed, situations are conceivable where it might be better strategy for the defendant to fail to insist upon a speedy trial rather than to damand one. For example, see Campodonico v. United States, 9 Cir., 1955, 222 F.2d 310, 315, 316.

The constitutional right to a speedy trial is personal and may be waived by failure to assert it. Danziger v. United States, 9 Cir., 1949, 161 F.2d 299, certiorari denied 332 U.S. 769, 68 S.Ct. 81, 92 L.Ed. 354. Just what constitutes waiver of the right is a question of fact to be determined in each case. Of course, a defendant who is unaware that he is under indictment cannot be held to have waived his right. See Taylor v. United States, 1956, 98 U.S.App. D.C. 183, 238 F.2d 259, 261. Where the accused has been imprisoned under maximum security conditions so that it is practicably impossible for him to petition an appropriate court for a speedy trial, waiver of the right should not be inferred. United States v. Chase, D.C.N. D.Ill., 135 F.Supp. 230.

We find ourselves unable to review adequately the issue of waiver in the present state of the record. There is no evidence before us that these defendants had knowledge of the federal indictments pending against them. Accordingly, we think that justice will be served by remanding these cases to the district court for findings of fact concerning, solely, a determination of the issue of whether or not these defendants have waived their right to a speedy trial.

It is so ordered.