910

UNITED STATES of America
v.
MONARCH RADIO & TELEVISION
CORPORATION, George J. Martin, Arthur H. Rose, Vincent S. Acunto, Julius C. Rivman, Charles H. Greenhaus, Harry V. Greene, Irving Shayne and Alex Diamond, Defendants.

United States District Court
S. D. New York.
June 24, 1958.

Paul W. Williams, U. S. Atty., by Adelbert C. Matthews, Jr., New York City, for plaintiff.

Joseph D. Caputo, New York City, for Acunto.

Sugarman, Kuttner & Fuss, New York City, for Shayne and Greenhaus.

Seymour L. Mantell, New York City, for Greene.

EDELSTEIN, District Judge.

The defendants have moved to dismiss the indictment, filed against them on June 4, 1954, for failure to prosecute, on the grounds of the Sixth Amendment and Rule 48(b) of the Federal Rules of Criminal Procedure, 18 U.S. C.A. These motions are governed by the principles and authorities discussed and cited by Judge Herlands in his comprehensive opinion in the case of United States v. Research Foundation, D.C., 155 F.Supp. 650, 653–654; "The constitutional guaranty of a speedy trial has been frequently adjudicated. It is well-established that a defendant who does not object to adjournments and who sits back and does nothing—all in the hope that the Government will eventually drop the prosecution—waives his constitutional right to a speedy trial. The burden is

on the defendant to assert his constitutional right by some affirmative act in court, such as, objecting to adjournments of the trial, demanding a trial, or making an appropriate motion. * * * [citing cases] * * *." The defendants have not, on the showing made, met their burden.

■■ Under Rule 48(b), the defendants claim generally that the lapse of time has necessarily dimmed the memories of potential witnesses. These claims are not the kind of "sifted evidence and demonstrated facts", 155 F. Supp. at page 654, that will sustain a motion to dismiss under the Rule. Moreover, the argument that one of the defendants was, subsequent to the instant indictment, convicted of a similar crime in another jurisdiction, is not a valid allegation of prejudice resulting from delay. Whatever prejudice may result to that defendant or to his alleged co-conspirators upon a trial of this indictment must be laid to his own wrongdoing, not to the delay of prosecution.

The motions to dismiss will be denied, but without prejudice to a renewal at or before trial upon the proper showing.