**Albert George FOUTS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Virgil SUMMERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 13158, 13159.**

United States Court of Appeals
Sixth Circuit.

Aug. 28, 1958.

Robert C. Knee and Raymond A. White, Dayton, Ohio, Jack H. Patricoff, Dayton, Ohio, on brief, for appellants.

H. Donald Hawkins, Asst. U. S. Atty., Dayton, Ohio, Hugh K. Martin, Dayton, Ohio, on brief, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

MARTIN, Circuit Judge.

The appeals in these two criminal cases were dealt with in an opinion of this court filed on February 4, 1958, and reported at 253 F.2d 215, 218. We there stated the basis of the appeal, discussed the principles involved, and cited relevant authorities. We stated our inability to review adequately, on the record before us, the issue of whether or not appellants have been deprived of their constitutional guarantee of a speedy trial on a federal indictment while they were incarcerated in the Ohio State Penitentiary, there being no evidence before us that the defendants had knowledge of such indictment. We considered, therefore, that justice would be served by a remand of the cases to the United States District Court for findings of fact "concerning, solely, a determination of the issue of whether or not these defendants have waived their right to a speedy trial."

Accordingly, a remand was ordered for findings concerning the waiver of right to trial by the defendants and we have now before us the findings of

fact and conclusions of law of the district court, filed on May 9, 1958. The district court was careful to hold an open-court hearing on April 22, 1958, at which both defendants (Fouts and Summers) were present. Oral testimony was submitted on behalf of both the Government and the defendants. The court properly ruled incompetent a letter written to Fouts by his attorney. It was also ruled that the testimony of three named witnesses offered by the Government did not tend to show that the defendants had knowledge of the indictment near the date of its return.

But the district court found that the testimony of an FBI Agent, William H. Jahn, Jr., showed that, in his official capacity, he had during the month of February, 1947, interviewed separately each of the defendants in the Ohio State Penitentiary. The FBI Agent testified that at such times he had informed the defendants of their indictment in the United States District Court in December of 1946 for burglary of the Ansonia Bank on the night of November 8–9, 1945. The agent testified further, that defendant Summers stated that he was not going to make any move, was willing and wanted to wait to see "just what occurred in these matters." The defendants, who were present in the court-room, did not contradict this testimony, nor was it otherwise contradicted. Neither defendant took the witness stand.

The able district judge, Honorable Lester L. Cecil, experienced in the trial of criminal cases for many years as a State trial judge and for the recent several years as a Federal trial judge, stated this finding: "From this testimony, the Court finds as a matter of fact that the defendants Fouts and Summers knew in February 1947, that they had been indicted in December 1946, for the Ansonia Bank burglary, occurring on the night of November 8 and 9, 1945. The Court also finds as a matter of fact that the defendants never requested a trial or raised any question about the pending indictment."

The district court adopted all facts stated in the stipulation entered into between the Assistant United States Attorney and the attorneys for the defendants. The court concluded that the defendants, having had knowledge in February of 1947 of the federal indictment returned in December of 1946 and never having raised any question concerning prosecution, waived their rights to a speedy trial. Judge Cecil cited Morland v. United States, 10 Cir., 193 F.2d 297; Danziger v. United States, 9 Cir., 161 F.2d 299; Campodonico v. United States, 9 Cir., 222 F.2d 310; Carter v. State of Tennessee, 6 Cir., 18 F.2d 850; Nolan v. United States, 8 Cir., 163 F.2d 768: all of which were cited in our opinion of February 4, 1958, 253 F.2d 215.

Upon the basis of the findings of fact of the district court, supported by substantial evidence and not clearly erroneous, we are in accord with its judgment that the motion of appellants for dismissal of the cases for want of a speedy trial was properly overruled.

The judgment is, accordingly, affirmed.