**UNITED STATES of America,**
Appellee,

v.

Joe HILL and Luther Dew, Appellants.
No. 8702.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 10, 1962.

Decided Nov. 24, 1962.

**602**

Jackson L. Kiser, Martinsville, Va. (Young, Kiser & Firth, Martinsville, Va., on brief), for appellants.

Thomas P. Simpson, Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., on brief), for appellee.

Before SOPER, BOREMAN and BELL, Circuit Judges.

BOREMAN, Circuit Judge.

Joe Hill and Luther Dew, defendants below, were jointly indicted on January 19, 1958, in the Eastern District of South Carolina, charged with violations of the United States Internal Revenue Code of 1954. The indictment, in four counts, charged the defendants with unlawfully carrying on the business of a wholesale liquor dealer and possessing, concealing and removing distilled spirits upon which federal tax had not been paid. The offenses were alleged to have been committed on December 6, 1957.

Subsequent to the return of the indictment, bench warrants were issued and defendants appeared before a United States Commissioner on February 4, 1959. A preliminary hearing was held before the Commissioner on June 19, 1959, where the defendants were represented by Attorney Gasque. On October 5, 1959, the defendants were arraigned in the United States District Court and were represented by the same attorney. Each defendant, in person, entered a plea of not guilty. The Government requested a continuance until December 1959. Thereafter the case was postponed from time to time and was not tried until April 24, 1962. In the course of the argument before this court, counsel sought to refer to certain circumstances in an attempt to explain the delay in bringing the case to trial, but the record on appeal fails to disclose any reason for such delay.

At the trial the Government presented only one witness, James C. Johnson, who testified that, on December 6, 1957, while working as a regularly employed investigator for the North Carolina Alcohol Control Board, he was on special assignment with the United States Treasury Department; that late in the afternoon of that day he went to the home of Joe Hill in Brunswick County, North Carolina, to buy non-tax-paid whisky; that Hill informed him that he did not have the liquor at his home "but had to go and get it"; that Hill went with him in his (Johnson's) car across the state line and into South Carolina to Luther Dew's store where arrangements were made for the delivery of six gallons of non-tax-paid whisky in a wooded area nearby; that Johnson received the case of whisky from both defendants as arranged and he then paid Dew $25 therefor. Johnson testified further that a "confidential informer" was with him during these happenings.

As the trial began and as it progressed, both defendants were in court and Attorney Gasque and Attorney Keels appeared without indicating to the court that they did not represent both defendants. After the Government's witness, Johnson, had testified, including cross-examination by Attorney Keels, and after Dew had testified, Attorney Gasque remarked: "Your Honor, we don't represent Joe Hill, but if he would like to be sworn, we will be glad to put him up, or if the Government would put him up. I have advised and counseled with him. I am familiar with his case, but I am not

retained to represent him." Thereupon the District Judge, after being advised by Hill that he had not retained counsel, that Hill desired counsel and that he would be satisfied to have Attorneys Gasque and Keels represent him, announced that Hill had not been prejudiced up to that point in the trial and appointed these two attorneys to represent him. The Judge then instructed Hill as to his right not to testify and announced a recess so that he might consult with his newly appointed attorneys. Upon resumption of the trial, Attorney Keels examined Hill but no other witnesses were presented for the defense. In testifying both defendants flatly denied Johnson's story but neither could remember his activities on the date of the alleged offense.

The jury found the defendants guilty on all four counts of the indictment. Each was placed on probation, Dew for a period of five years and Hill for a period of three years.

■ The defendants contend that their constitutional right to a speedy trial as guaranteed by the Sixth Amendment was violated. However, they did not affirmatively assert this right at any stage of the proceedings prior to this appeal; the question is raised here for the first time. With few exceptions not applicable here, the federal courts have consistently held that the right to a speed trial is a personal right of the defendant and is deemed to have been waived by him if not promptly asserted.[1] Illustrative of exceptions to the general rule are Taylor v. United States, 99 U.S. App.D.C. 183, 238 F.2d 259 (1956), where the defendant had no knowledge of the pending charge; United States v. Chase, 135 F.Supp. 230 (N.D.Ill.1955), where defendant was powerless to assert his right because of imprisonment, ignorance and lack of legal advice; and

United States v. Provoo, cited in footnote 1, where deliberate acts of Government prosecutors and investigators resulted in long delays in advising the defendant of the charges against him and in setting the trial date.

■ The record here reveals no explanation of the nearly fourteen months' delay in procuring the indictment and notifying the defendants of the charges against them. Similarly, there is little to explain the additional delay before arraignment. However, approximately five months of this second period were consumed in arranging and holding the preliminary hearing demanded by defendants even though they were then under indictment. Immediately following arraignment, the case was continued for two months at the Government's request with no objection by defendants. The longest period of delay between December 1959 and April 24, 1962, during which the trial was postponed from time to time, is unexplained by the record. However, the court will take judicial notice of the fact that the District Judge who was regularly assigned to preside in the Florence, South Carolina, Division was in ill health for several years prior to the trial date and his activities were restricted. In fact, the record shows that the orders for bench warrants issued on January 20, 1959, were signed by the Honorable Harry E. Watkins who is well known to us as United States District Judge for the Northern and Southern Districts of West Virginia and who, by designation, was assisting the federal courts in South Carolina.

■ The record makes it perfectly clear, however, that the defendants, throughout the period from December 1959 to April 1962, failed to move for immediate trial or for dismissal of the indictment pursuant to Rule 48(b) Federal Rules of Criminal Procedure. We

---

1. United States v. Lustman, 258 F.2d 475, 478 (2d Cir. 1958), cert. denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109; United States v. Kaye, 251 F.2d 87, 90–91 (2d Cir. 1958), cert. denied 356 U.S. 919, 78 S.Ct. 702, 2 L.Ed.2d 714; United States v. Provoo, 17 F.R.D. 183, 198 (D.Md. 1955), aff'd mem. 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761; Chinn v. United States, 228 F.2d 151, 153 (4th Cir. 1955); United States v. Patrisso, 21 F.R.D. 363 (S.D.N.Y.1958).

conclude that the defendants by their inaction waived their Sixth Amendment rights to a speedy trial. This conclusion is reinforced by the application of the rule that appellate courts will not ordinarily consider assigned errors not previously brought to the attention of the District Court. United States v. Jones, 204 F.2d 745, 748 (7th Cir.1953), cert. denied 346 U.S. 854, 74 S.Ct. 67, 98 L. Ed. 368, rehearing denied 346 U.S. 905, 74 S.Ct. 216, 98 L.Ed. 404. See also Miller v. United States, 261 F.2d 546, 547 (4th Cir.1958); Hofferbert v. Marshall, 200 F.2d 648, 652 (4th Cir.1952); A/S J. Ludwig Mowinckels Rederi v. Accinanto, Ltd., 199 F.2d 134, 145 (4th Cir.1952), cert. denied 345 U.S. 992, 73 S.Ct. 1129, 97 L.Ed. 1400; Smith v. United States, 106 F.2d 726, 727 (4th Cir.1939).

■ Complaint is made that the Government's evidence was insufficient to support a verdict of guilty on Count 1 which charged the defendants with "carrying on the business of a wholesale dealer in liquor without having paid the special tax therefor * * * in violation of Section 5691, Internal Revenue Code," since evidence of only one sale was, as a matter of law, insufficient to show the "carrying on of a business." But a sale must be viewed in the light of all the circumstances and it has been held that proof of a single sale can support a determination that a wholesale liquor business is being conducted. If, for example, the surrounding circumstances show that the defendant had liquor on hand or was ready and able to procure it, in either case with the purpose of selling some or all of it to such persons as he might from time to time find or conclude to accept as customers, the jury may conclude that he was carrying on the business of a wholesale liquor dealer. Wilson v. United States, 149 F.2d 780, 781 (6th Cir.1945),[2] cert. denied 326 U.S. 753, 66 S.Ct. 92, 90 L.Ed. 451; United States v. Lawson, 266 F.2d 607 (6th Cir.1959). In the instant case, the evidence supplied by the witness Johnson, if believed, was sufficient to show that the defendants were ready and able to produce non-tax-paid liquor for sale in wholesale quantities. We find no merit in this assignment of error.

These defendants contend that they did not have adequate representation by counsel. The Sixth Amendment, in pertinent part, provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." This right is implemented by Rule 44 Federal Rules of Criminal Procedure: "If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

As has been pointed out, Attorney Gasque appeared for both defendants at the preliminary hearing and at their arraignment. On the day of trial he appeared with co-counsel, Attorney Keels, and together they proceeded to the trial of the case, conducting cross-examination of Government witness Johnson and direct examination of defendant Dew. It was at this point that Attorney Gasque informed the court that they did not represent Hill. The local Rules of Practice in the District Courts for the Eastern and Western Districts of South Carolina provided that an attorney who had appeared for a client could be relieved of that representation by order of the court and not otherwise. Thus, despite the fact that the local rule was obviously violated, the District Court accepted Attorney Gasque's statement and thereupon, after interrogating Hill, appointed Attorneys Gasque and Keels as Hill's counsel.

The record discloses that when it became known that Hill was not represented by counsel, the Government attorney, in addressing the court, stated: "Your Honor, we were under the impression that the Senator [Gasque] repre-

---

2. Citing with approval and quoting from Bailey v. United States, 259 F. 88, 92 (6th Cir. 1919).

sented both of them until just before trial this morning. Our records indicated that." Government counsel would now have us believe that this statement was in error and was a slip of the tongue but we rely upon the record before us. Thus it appears that Government counsel knew, prior to the commencement of the trial, that Hill was not represented by the attorney who was then in court and who had theretofore appeared for him as his counsel. The question arises, what effect did the appointment of counsel for Hill and the immediate resumption of the trial have on the rights of both defendants.

### Representation of Dew

■ Dew was represented by counsel of his choice from the commencement of the trial to the appointment of counsel for Hill, and thereafter through the jury verdict and sentencing by the court. Even the defendants in their brief agree that the cross-examination of witness Johnson was for Dew's benefit. Dew is bound by counsel's decisions as to trial strategy. United States v. Bertone, 249 F.2d 156, 160 (3d Cir.1957); United States v. Sorrentino, 175 F.2d 721, 723 (3d Cir.1949), cert. denied 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532. Mere mistakes or errors of counsel are not sufficient to establish a violation of the defendant's constitutional right to the effective assistance of counsel. Snead v. Smyth, 273 F.2d 838, 842 (4th Cir.1959). Nothing appears in the instant case to show that Dew's representation was so inadequate as to render the trial a farce and deprive the court of its jurisdiction as was the case in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). We find no merit in Dew's contention that he was not effectively represented by counsel.

### Representation of Hill

■ Unlike his co-defendant, we conclude that Hill did not have adequate representation from the beginning of the trial to the time counsel was appointed for him notwithstanding his acquiescence in the appointment of Attorneys Gasque and Keels. When the court appointed these attorneys to represent Hill, the trial was two-thirds completed. It would be impossible to determine after the fact what difference counsel's knowledge that they were also representing Hill might or would have made in their handling of witness Johnson on cross-examination or the direct examination of defendant Dew. It cannot be assumed that there would have been no change. Furthermore, the late appointment of counsel for Hill simply failed to meet the requirement that, unless an intelligent and effective waiver has been made, the accused in a federal court must have counsel representing him at *every* stage of the trial. Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Kraft v. United States, 238 F.2d 794 (8th Cir.1956). The requirement of effective assistance of counsel is not satisfied by a mere legalistic formality but is a matter of substance. Von Moltke v. Gillies, 332 U.S. 708, 722–724, 68 S.Ct. 316, 92 L.Ed. 309 (1948). " * * [T]he right to the effective assistance of counsel contemplates the guiding hand of an able and responsible lawyer, devoted solely to the interest of his client; who has ample opportunity to acquaint himself with the law and facts of the case, and is afforded an opportuunity to present them to a court or jury in their most favorable light." Willis v. Hunter, 166 F.2d 721, 723 (10th Cir.1948), cert. denied 334 U.S. 848, 68 S.Ct. 1499, 92 L.Ed. 1722. That standard of representation was not met by the appointment of counsel for Hill under the circumstances present here and we conclude that the case as to him must be reversed and remanded for a new trial.

■ We reject the defendants' contention that the testimony of Johnson was inherently incredible and insufficient to sustain the conviction because of the lapse of time between the date of the offenses and the trial. We cannot say, as as matter of law, that an experienced investigator could not accurately relate relevant facts four and one-half years after their occurrence. The credibility of all

three witnesses was a matter for jury determination and it is obvious that the jury believed Johnson rather than defendants.

Affirmed as to Luther Dew; reversed and remanded for new trial as to Joe Hill.