**UNITED STATES of America,**

v.

**Mac Alan GLADDING, Defendant.**

**No. 61 Cr. 742.**

United States District Court
S. D. New York.

Oct. 28, 1966.

Robert M. Morgenthau, U. S. Atty., New York City, for plaintiff.

Ira A. Deutsch, Bobick & Deutsch, New York City, for defendant.

1. Title 18 U.S.C. Secs. 371 and 2314 were the statutory violations cited.

2. Title 18 U.S.C. Sec. 2314.

MOTLEY, District Judge.

*Decision on Motion to Dismiss Indictment*

Defendant was charged in a two-count indictment (August 7, 1961) with transporting stolen goods in interstate commerce in March and April 1958. The first count charged that defendant, three co-defendants, and others who were unknown, unlawfully conspired to transport from Pennsauken, New Jersey through New York City to the Boroughs of Queens and Brooklyn, New York, furs valued at more than $5,000, knowing them to have been stolen. It was alleged that the conspiracy commenced on or about March 19, 1958 and continued with the commission of several overt acts until the filing of the indictment.[1] The second count charged this defendant and two other defendants with transporting $5,000 worth of furs from Pennsauken, New Jersey to New York City, knowing them to have been stolen.[2]

On August 30, 1961, petitioner pleaded not guilty and went to trial on January 26, 1962 with two other defendants, the fourth having pled guilty.[3]

At the close of the Government's case, a judgment of acquittal was entered as to one co-defendant. On February 2, 1962 the jury returned a verdict of not guilty as to the other co-defendant. It was unable to reach a verdict with regard to this defendant who was continued on parole. This jury was dismissed.

Almost immediately after the jury disagreed, defendant was sentenced on February 13, 1962, in the United States District Court, Eastern District of New York, to imprisonment in a Federal penitentiary for two years and nine months for the interstate transportation of a stolen motor vehicle. He remained in Federal custody until March 20, 1964.

After commencing service of this Federal term, defendant was sentenced on April 26, 1962, in the State of New Jer-

3. Trial was before Judge Wilfred Feinberg. Judge John F. X. McGohey sentenced the fourth defendant on February 26, 1962 to 18 months imprisonment.

sey, to imprisonment for three to five years. This sentence was to be consecutive with the sentence received in the Eastern District of New York. The New Jersey sentence was imposed following conviction on the charge of breaking and entering resulting from the burglary of Mike's Factory Outlet in West Long Branch, New Jersey, on March 22, 1961.

On completion of service of his Federal sentence, the United States Government gave custody of defendant to the State of New Jersey to begin service of his sentence there. The New Jersey sentence, which the petitioner is now serving and which terminates on June 12, 1967, is unrelated to the instant indictment.

No steps were taken by either defendant or the Government with regard to a retrial of defendant in this court after the abortive trial in February 1962 until July 13, 1966. Then a writ of habeas corpus ad prosequendum issued from this court. Defendant was brought before the court on August 22, 1966. On September 14, 1966 defendant filed a motion to dismiss the indictment. From his affidavit and brief were distilled three grounds:

1) Defendant's Sixth Amendment rights to a "speedy trial" have been denied by the Government's failure to speedily retry defendant after the first trial;

2) There has been unnecessary delay in bringing defendant to trial resulting in severe prejudice which, if defendant is forced to go to trial four and a half years after the first trial and eight and a half years after the alleged crimes, will prove irreparably injurious to defendant.

3) The Government previously waived jurisdiction over defendant when it surrendered him to New Jersey authorities to serve a state prison term after serving a Federal prison term.

With respect to the instant motion to dismiss, defendant is represented by the same attorney who represented him on the original trial. The motion is in the form of an affidavit by this counsel. An opposing affidavit has been filed on behalf of the United States. The foregoing facts are contained in one or the other of these affidavits. The parties agreed that the court decide this motion on the papers submitted without hearing or argument.

■ I. Defendant's contention that the Government waived jurisdiction over him when it surrendered him to New Jersey authorities is wholly without merit; and because it challenges the jurisdiction of this court is disposed of first. The rule is that, "If the prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him." Hayward v. Looney, 246 F.2d 56, 57 (10th Cir. 1957); Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607 (1922); United States, ex rel. Moore v. Traeger, 44 F.2d 312, 313 (9th Cir. 1930); Nolan v. United States, 163 F.2d 768 (8th Cir. 1947).

■ II. Defendant recognizes the law. He does not contest the well established principle that an accused who takes no affirmative action to secure an early trial, who does not object to continuances or delays, and who acquiesces through silence in the Government's failure to speedily try him in the hope that the prosecution will be dropped, waives his Sixth Amendment right to a speedy trial. United States v. Haller, 333 F.2d 827 (2nd Cir. 1964); United States v. Kaufman, 311 F.2d 695 (2nd Cir. 1963); United States v. Van Allen, 288 F.2d 825 (2nd Cir. 1961); United States v. Lustman, 258 F.2d 475 (2nd Cir. 1958); United States v. Research Foundation, Inc., 155 F.Supp. 650 (S.D.N.Y. 1957); United States v. Patrisso, 21 F.R.D. 363 (S.D.N.Y. 1958).

What defendant claims is that there is no duty on him to seek a retrial. This appears to be a novel question. In order to avoid a holding that defendant waived his constitutional right to a speedy trial (retrial), defendant argues that he went to trial in February 1962 without objection or delay on his part. Such willing-

ness to then be promptly tried, defendant asserts, constituted the required affirmative action to secure a speedy trial. He submits that this being true, it cannot now be held that he waived his constitutional right.

In order for defendant to prevail, this court would have to hold that the mere going to trial without objection or delay on the part of an accused is tantamount to taking the required affirmative action to secure a speedy trial. This court would then have to hold that such affirmative action retains its constitutional vitality for all time.

The indictment in this case was filed on August 7, 1961. Defendant was brought to trial, after pleading not guilty to the indictment on August 30, 1961, on January 26, 1962. Defendant admits that he simply went to trial. He neither demanded trial nor took any steps to secure that trial or an earlier trial. In short, there was no Sixth Amendment issue involved or raised by defendant. There simply was none under those circumstances. This being the case, this court finds it difficult to follow defendant's reasoning which must be that, although there was no prior occasion for demanding a speedy trial, this court must nonetheless view the matter in a nunc pro tunc fashion.

But this court cannot so view the matter. The requirement that some affirmative action be taken by an accused to secure a speedy trial, less he be deemed to have waived his right to same, "stresses that the right to a speedy trial is not designed as a sword for defendant's escape, but rather as a shield for his protection. Note, The Right to a Speedy Criminal Trial, 57 Col.L.Rev. 846, 853 (1957). United States v. Lustman, supra, 258 F.2d at 478. In other words, the right is defendant's when he needs to assert it and not a principle of law which by clever reasoning may be fashioned into an escape hatch.

The January 26, 1962 trial ended on February 2, 1962 with a hung jury. The question arises as to the status of defendant following failure of the jury to agree. Such failure results in a mistrial. 58 C.J.S. pp. 833–834. This mistrial means that defendant is in the same position as he was before that mistrial. A mistrial is a nugatory trial. Stern v. Wabash R. Co., 52 Misc. 12, 101 N.Y.S. 181. "When there has been a failure of trial by disagreement of the jury, the status is the same as if there had been no trial." People v. Crooms, 66 Cal.App.2d 491, 152 P.2d 533, 537 (2nd Dist., 1944). Where there has been a discharge of the jury following its failure to agree, "The situation at the commencement of the second trial (is) the same as if there had been no trial at all." People v. Westwood, 154 Cal.App.2d 406, 316 P.2d 23, 25 (3rd Dist., 1957). Since following the mistrial, the status of this prosecution was as if there had been no trial at all, defendant's constitutional right to a speedy trial was revived. Cf, In re Begerow, 133 Cal. 349, 65 P. 828, 56 L.R.A. 513 (1901). Note, The Right to a Speedy Trial, supra, at 850 (1957).

The Government waited almost four and one half years before proceeding to bring this defendant to trial once again. The Government offers no reason for this delay, but it contends that "defendant has failed to allege any specific prejudice accruing as a result of the delay." This court will assume as did the court in United States v. Lustman, supra, that an unexcused delay of approximately four years is an undue delay within the meaning of the Sixth Amendment, even if defendant has not shown that he was prejudiced thereby in the presentation of his defense. The undue delay having been assumed, the question is whether defendant can now complain of this delay when he admittedly took no step to secure a retrial. The answer is clear. He cannot complain. "It is well-established that a defendant * * * who sits back and does nothing * * * in the hope that the Government will eventually drop the prosecution—waives his constitutional right to a speedy trial". United States v. Research Foundation, Inc., supra, 155 F.Supp. at 653–654.

This defendant merely sat back and waited for the prosecution to act. He, as the defendant in United States v. Fouts, 258 F.2d 402, 403 (6th Cir. 1958), was not going to make any move but was willing and wanted to wait and see "just what occurred in these matters". In these circumstances, this court finds that an accused cannot claim that merely because he went to trial once in the due course of progress in the administration of justice this is equivalent to his having demanded a speedy trial. In addition, this court will not equate defendant's not having taken steps to delay his trial to taking affirmative action to secure a speedy trial.

There have been developed several exceptions to the waiver rule, none of which is apposite here. These exceptions include the following:

1) Defendant's lack of knowledge of the pending charge, Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259 (1956);

2) Delay caused by a trial in a district court of improper venue, United States v. Provoo, 17 F.R.D. 183 (D.Md.1955), aff'd, 350 U.S. 857, 76 S.Ct. 101, 100 L. Ed. 761 (1955);

3) Defendant's powerlessness to assert his rights because of lengthy imprisonment, ignorance, or lack of legal advice, United States v. Chase, 135 F.Supp. 230 (N.D.Ill., 1955);

4) Purposeful, or oppressive, or negligent delay by the Government, Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); Hanrahan v. United States, 121 U.S.App.D.C. 134, 348 F.2d 363 (D.C.Cir. 1965).

Petitioner did have knowledge of the pending indictment. He had legal advice, as he does now, from his original trial counsel. He, therefore, cannot claim he was ignorant of the pendency of the indictment or powerless to assert his rights. His imprisonment on unrelated charges was not longer than that unsuccessfully asserted to be a basis of prejudice in many "speedy trial" cases. See, United States v. Lester, 328 F.2d 971 (2nd Cir 1964); United States v. Fouts, supra; United States v. Alagia, 17 F.R.D. 15 (D.Del.1955). And defendant has not shown there was purposeful or oppressive delay by the Government.

Moreover, it is clearly the rule that delays attributable to defendant cannot be considered in determining whether his right to a speedy trial has been violated. "The Sixth Amendment prohibits only an unreasonable delay and a defendant cannot exploit a delay which is attributable primarily to his own acts * * *" United States v. Lustman, supra, 258 F.2d at p. 477.

The accused, here, has been incarcerated in a federal and then a state penitentiary since the time of his first trial. His constitutional right to a speedy trial, therefore, "must be considered with regard to the practical administration of justice." Kyle v. United States, 211 F.2d 912 (9th Cir. 1954). "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950 (1905).

This court is of the view that unless other factors are found in the instant matter to outweigh the considerations discussed above, defendant's right to a speedy trial guaranteed by the Sixth Amendment has not been violated. The other factors which the court must examine are whether defendant has been substantially prejudiced by the delay in bringing him to trial. United States v. Patrisso, 21 F.R.D. 363 (S.D.N.Y.1958).

Whether defendant has been substantially prejudiced must be determined in light of the purpose of the right to speedy trial. "Speedy trial provisions seek, first, to prevent lengthy pre-trial imprisonment where the accused is unable to make bail, or pre-trial restriction of movement when bail is available. Second, and perhaps equally important, these provisions seek to minimize the anxiety and attendant evils which are invariably

visited upon one under public accusation but not tried. Finally, they seek to insure that the ability of the accused person to answer the charge will not be impaired on account of lost witnesses and faded memories due to the passage of time." Hanrahan v. United States, supra, at 366–367.

■ In the instant case, the court finds that the only possible prejudice would be from the loss of witnesses and faded memories due to the passage of time. However, defendant has been once before tried. Since this court presumes that these witnesses testified at the earlier trial, the testimony would be available to defendant and admissible upon his behalf at a trial now if the witnesses were unavailable. (See, 5 Wigmore, Evidence, Secs. 1401–1414). The only witness referred to in the affidavit filed on behalf of defendant was defendant's wife, who, the affidavit alleges, may be seeking a divorce. Furthermore, prior trial testimony could be used to refresh recollections (See, 3 Wigmore, Evidence, Secs. 758–765) of witnesses or possibly as a record of past recollections (See, 3 Wigmore, Evidence, Secs. 734–757). If, as petitioner contends, the attitudes of witnesses may have changed, their former testimony may be used as prior inconsistent statements to impeach their present testimony. (See, 3 Wigmore, Evidence, Secs. 1017–1046. In view of these considerations, this court cannot say that defendant has been substantially prejudiced by the delay in bringing him to trial.

■ This court has borne in mind the Supreme Court's admonition that, " * * * 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights'." * * * Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). However, the court concludes that under the circumstances here—absence of any

affirmative action on the part of defendant to secure a speedy retrial, long imprisonment of defendant as a result of other convictions unconnected with the instant indictment, and absence of any substantial prejudice—there has been no violation of defendant's rights to a speedy trial under the Sixth Amendment of the Constitution.

■ III. No constitutional delay having been found, we now take up defendant's next claim. Defendant claims that since there has been an unnecessary delay in bringing him to trial, the court should exercise the discretion granted it by authority of Rule 48(b), Fed.R. Crim.Proc., and dismiss the indictment.[4] This rule incorporates the Sixth Amendment's notions as to speedy trial, United States v. Kaufman, supra, 311 F.2d at p. 698, and articulates "the inherent power of a court to dismiss a case for want of prosecution." United States v. Research Foundation, supra, 155 F.Supp. at 654.

■ A motion to dismiss under this rule is addressed to the sound judicial discretion of the trial judge. United States v. McWilliams, 82 U.S.App.D.C. 259, 163 F.2d 695 (D.C.Cir. 1947). In exercising that discretion, the court should consider the prejudice resulting from possible loss of evidence as well as the hardships defendant might have suffered by reason of the delay in prosecution. Hanrahan v. United States, supra, 348 F.2d at 368. Though courts have held that, "a defendant who has failed to demand a speedy trial is not entitled to a dismissal of the indictment no matter how great the delay", United States v. Fassoulis, 179 F.Supp. 645 (S.D.N.Y.1959), in determining whether to exercise its discretion in the instant situation, this court feels compelled to look beyond the waiver issue.

Defendant's claims of prejudice, "singly and in the aggregate, have been examined as factors bearing upon the exercise of the court's discretion", United States v. Research Foundation, supra,

---

4. Fed.R.Crim.Proc. 48(b) provides: " * * * if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

155 F.Supp. at 654, since, "A decision to dismiss the indictment on a motion such as this, must rest upon sifted evidence and demonstrated facts." Id.

First, this court finds that defendant's affidavit, by his attorney, does not show that if there was unnecessary delay by the prosecution, defendant neither contributed to nor acquiesced in it.

Second, defendant's general claim that the lapse of time has necessarily dimmed the memories of potential witnesses, is not the kind of "sifted evidence and demonstrated facts" that will sustain a motion to dismiss under the Rule. United States v. Monarch Radio & Television Corp., 162 F.Supp. 910 (S.D.N.Y.1958).

Third, defendant's assertion that witnesses may no longer be available or their attitudes may have changed does not identify any of the witnesses, other than his wife,[5] by name or otherwise; neither does the affidavit indicate, even in the most general terms, the nature of the exculpatory testimony; nor is there a statement as to when defendant or his attorney last saw or spoke to any of these witnesses. These assertions with respect to witnesses who are unavailable or whose attitudes have changed, "are not sufficiently detailed and persuasive to warrant this Court's dismissing the indictment. The moving affidavit lacks 'the circumstantial detail, the embellishing touches of probability' ". United States v. Research Foundation, supra, 155 F.Supp. at 655.

Fourth, under the circumstances here, the fact that defendant has been in federal and state custody since the time of his first trial is not prejudicial since it is the product of his own wrongdoing. *Monarch,* supra.

Fifth, lost opportunities for defendant to have received concurrent sentences or leniency can be considered at the time of sentencing if defendant is convicted on the instant indictment.

Sixth, the Government has offered to make available to defendant its transcript and exhibits from the first trial or the court could so order.

Seventh, defendant's allegations as to unavailable or lost exhibits resulting in prejudice does not identify them specifically nor mention their importance. This allegation is certainly lacking in the kind of "sifted evidence and demonstrated facts" that will sustain a motion to dismiss under the rule.

Eighth, defendant's loss of "good time" accruing to him in the New Jersey prison, after issuance of the writ of habeas corpus ad prosequendum, if not a product of his own wrongdoing is at least something to which he has contributed or brought on as a result of his acquiescence.

The court finds that because of the inherent factual inadequacy of the moving papers, it is impossible to determine the extent of the alleged prejudice to petitioner, and whether, if there is prejudice, it is attributable to the delay in bringing the case on for trial. Since this matter is in its sound judicial discretion, the court finds that the present papers are not sufficient for a dismissal of the indictment. This court, therefore, denies the motion to dismiss but without prejudice to renewal upon the trial. Petitioner may move before the trial court for dismissal of the indictment under Rule 48(b) should it develop that, in fact, prejudice has resulted from the lapse of time so as to preclude a fair trial.

Petitioner is entitled to a speedy trial. This case must be given a calendar preference of top priority. The court will not, in the first instance, set the case down for a time certain, but will require the prosecutor to specify the trial date in a proposed order to be settled immediately, on two days' notice. Petitioner may likewise submit a counter order.

---

5. This is not a valid allegation of prejudice resulting from delay because any prejudice from this circumstance must be laid to petitioner's own wrongdoing, United States v. Monarch Radio & Television Corp., supra.

If the trial date so specified by either side is reasonably prompt under all the circumstances, the court will accept that date. Otherwise, the court, itself, will designate the trial date.