**UNITED STATES of America,**
**Plaintiff,**

v.

**Frank Robert VERVILLE, Defendant.**

**No. 59–Cr–52.**

United States District Court
E. D. Wisconsin.

March 5, 1968.

James B. Brennan, U. S. Atty., Milwaukee, Wis., for plaintiff.

Ben L. Chernov, Milwaukee, Wis., for defendant.

### DECISION ON MOTION

MYRON L. GORDON, District Judge.

The defendant, Frank Verville, has moved to dismiss the indictment against him pursuant to rules 12 and 47, Federal Rules of Criminal Procedure, on the ground that he has been denied a speedy trial under the 6th amendment and rule 48(b), Federal Rules of Criminal Procedure.

On July 28, 1959, the defendant, along with six others, was indicted for mail fraud and conspiracy. Mr. Verville moved to dismiss the indictment on November 19, 1963 on the ground that the government had failed to prosecute diligently. This motion was denied.

In June, 1964, the defendant stood trial and was convicted. He appealed, and on December 28, 1965, the court of appeals reversed the conviction. United States v. Verville, 355 F.2d 527 (7th Cir. 1965). It remanded the case with instructions that a pretrial hearing be held. The reversal was not based upon the speedy trial issue. Subsequent to the remand, no action was taken either by the government or by the defendant until the case was scheduled for pretrial hearing by this court on September 28, 1967.

Although more than 8½ years have passed since the return of the indictment, the court is of the opinion that the time period which is significant in deciding the speedy trial issue is the 21 months which elapsed between the reversal of the conviction on December 28, 1965 and the scheduling of the pretrial hearing on September 28, 1967. The said pretrial hearing was rescheduled, upon defendant's request, to January 4, 1968.

The defendant terms the 21 month delay "inexplicable". The government, however, asserts that an early trial date could not be set because of the lack of an available judge to hear the matter. Judge Poos, who had been assigned to try the case in 1964, was not available because of ill health. The government also points out that two of the judges in this district had disqualified themselves. This case was assigned to me on or about May 17, 1967, approximately two months after my entering upon my duties as a district judge.

Whether a defendant is denied a speedy trial in violation of the 6th amendment involves an analysis of the particular facts of each case. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). The

6th amendment and rule 48(b) prohibit unreasonable delays, Barnes v. United States, 347 F.2d 925, 930 (8th Cir. 1965), and generally speaking the following factors are among those which are relevant to this issue: (1) the nature of the delay and the reasons therefor; (2) prejudice as a result of the delay; (3) waiver by the defendant. United States v. Penn, 267 F.Supp. 912 (E.D.La.1967); Moore's Federal Practice, Vol. 8, pp. 48–13–14.

■ In deciding whether the delay is unreasonable, courts have frequently held that the delay must be oppressive, purposeful, arbitrary or vexatious. United States v. Ewell, supra; Smith v. United States, 118 U.S.App.D.C. 38, 331 F.2d 784 (1964); Fleming v. United States, 378 F.2d 502 (1st Cir. 1967). In my opinion, the unavailability of a court due to the illness of Judge Poos, the congestion of his own calendar and the disqualification of certain judges in this district serve to negate any inference of purposeful or arbitrary delay. In United States v. Jackson, 369 F.2d 936 at page 939 (4th Cir. 1966), the court stated:

> "In this case the delay was not brought about by the Government but was clearly attributable to the death of the district judge and the resultant temporary suspension of the judicial processes. In the circumstances the delay was not unreasonable. See United States v. Ward, 240 F.Supp. 659 (W.D.Wis.1965)."

See also, King v. United States, 105 U.S.App.D.C. 193, 265 F.2d 567 (1959) and Moore's Federal Practice, Vol. 8, at page 48–16.

■ Do the facts alleged by the defendant show that he was prejudiced by reason of the delay? The defendant asserts that he has suffered anxiety, public suspicion, substantial legal expenses and damage to his reputation as a result of the charges pending against him. To some extent, all defendants charged with commission of a crime suffer from such "prejudice".

An element to be considered in assessing the existence of prejudice is the extent to which a defendant has been denied the opportunity to prepare an adequate defense. Marshall v. United States, 119 U.S.App.D.C. 83, 337 F.2d 119, 122 (1964); Petition of Provoo, 17 F.R.D. 183 (D.C.Md.1955); United States v. Gladding, 265 F.Supp. 850 (S.D.N.Y.1966). Mr. Verville has not alleged impairment of memory or loss of witnesses.

In light of these considerations, the court is of the opinion that the defendant did not suffer prejudice in a constitutional sense.

■ The defendant contends that he cannot be said to have waived his right to a speedy trial because he had moved for a speedy trial on November 19, 1963. Upon the denial of that motion, the defendant went to trial in June, 1964; that trial resulted in a reversal on December 28, 1965. The defendant urges that he was not required to make another motion for a speedy new trial since the motion made in 1963 remained in effect. This point has received very little judicial attention, but in United States v. Gladding, 265 F.Supp. 850 (S.D.N.Y.1966), the court held that the failure of the defendant to request a speedy *re*trial resulted in a waiver.

Upon the reversal of Mr. Verville's conviction, he did not complain either to the court or to the prosecution regarding a delay in scheduling the pretrial. In my view, there was no denial to the defendant of a speedy trial, and even if there were, Mr. Verville did not preserve his position by making a proper demand after the reversal of his conviction.

■ Rule 48(b), which authorizes dismissal of an indictment for unreasonable delay in presenting a case to the jury, is addressed to the discretion of the trial judge. Upon all the facts presented in the case at bar, I am of the opinion that it would be the better exercise of discretion to deny the defendant's motion for dismissal.

It is hereby ordered that the defendant's motion to dismiss the indictment under rule 48(b) and the 6th amendment be and hereby is denied.