RANDOLPH, Circuit Judge,
concurring:
I agree with the court that Bryant’s conviction for possessing an unregistered firearm must be reversed. On remand the district court will have to determine whether to dismiss that count with prejudice or without prejudice. In making this determination I believe the court should take into account Bryant’s failure to de *363 mand a speedy trial before the statutory period ran.
As criminal defense attorneys know, delaying a trial often works to the defendant’s advantage. On the other hand, there are instances when a prompt trial may assist the defense. The “demand rule,” as it came to be known, stated that a defendant had “to demand a trial or resist postponement”; if he did neither, he waived his Sixth Amendment right to a speedy trial. United States v. Lustman, 258 F.2d 475, 478 (2d Cir.1958); see also Bruce v. United States, 351 F.2d 318, 320 (5th Cir.1965); United States v. Hill, 310 F.2d 601, 603 (4th Cir.1962). The underpinning of the rule was that the accused cannot have it both ways: he cannot welcome delay and seek to gain an advantage from it and then later avoid trial entirely by having the indictment dismissed because of the delay.
Barker v. Wingo relaxed the rigidity of the demand rule. 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Supreme Court held that a defendant who fails to demand a speedy trial does not forever waive his right to one, but that his failure to make a demand is one of the factors bearing on whether his Sixth Amendment right was violated. 407 U.S. at 528, 92 S.Ct. 2182; see United States v. White, 443 F.3d 582, 589-91 (7th Cir.2006).
The Speedy Trial Act provides that a defendant’s failure to move for dismissal prior to trial constitutes a waiver of his rights under the Act. 18 U.S.C. § 3162(a)(2). The Act does not require a defendant to make the motion before the statutory time limit has expired. If, as in Bryant’s case, the time has expired, the district court must dismiss the indictment but the court has discretion to determine whether to do so with or without prejudice. In making that determination, the court must consider, among other things, “the seriousness of the offense; the facts and circumstances of the case which lead to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.” Id. § 3162(a)(2).
Just as a defendant’s failure to demand a speedy trial bears on whether the delay violated the Sixth Amendment, a defendant’s acquiescence in the delay bears on whether the court should dismiss without prejudice and thus allow the defendant to be reindicted. Defense counsel may have believed that as time passed and memories dimmed the accused would benefit in view of the government’s heavy burden of proof. See Bruce, 351 F.2d at 320. Or the defendant’s attorney may have thought that the chances of a favorable plea bargain would increase as the prosecutor’s office became occupied with more pressing business. Or defense counsel may have believed that remaining silent as the clock ticked away would increase the chances of an inadvertent violation of the Act and, hence, dismissal of the indictment. Or the defendant’s attorney may have been indifferent to the delay, thinking that it would not hurt his client’s case. These considerations and others go to the last two of the factors identified in the Act and also to the question whether the delay damaged the accused’s ability to mount a defense.[1] *364 Barker v. Wingo, from which the Act’s factors appear to be derived, recognized as much and so, I believe, should district courts in deciding on the form of relief for a violation of the Act. 407 U.S. at 530-33, 92 S.Ct. 2182.

. Here, for example, the decision to delay the trial until February 2006 was made in order to accommodate the schedules of the lawyers for all parties. Hearing Tr. (10/28/05) at 4-5. At a hearing on October 28, 2005, the court discussed trial dates with the parties. Id. Bryant opted for a February 2006 trial date over a November 2005 trial date to prevent him from having to find replacement counsel. Bryant affirmatively agreed to the delay because it assisted his ability to mount a defense.